Joseph Henderson *v.* Air Master Corporation and Pennsylvania Manufacturers' Association Insurance Company.

276

Argued March 9, 1971 before Judges KRAMER, WIL-
KINSON, JR., and ROGERS, sitting as a panel of three.

*Samuel J. Stark,* with him *Thomas F. McDevitt,*
for appellant.

*Frederick W. Anton, 3rd,* with him *Henry F. Fur-
man,* for appellees.

OPINION BY JUDGE WILKINSON, April 21, 1971:

Appellant, having been determined to be 50% dis-
abled on and after November 28, 1959, received pay-
ments for the statutory period of 350 weeks, until Au-
gust 12, 1966. On March 2, 1967, appellant filed a re-
instatement petition alleging total disability. He has
not worked since the accident which had been deter-
mined to be the cause of the 50% disability. The refer-

ee found appellant totally disabled from March 2, 1967. On appeal, the Workmen's Compensation Board reversed the referee and refused to reinstate compensation. The Board found the appellant had not met his burden of proving a change from 50% disability on November 28, 1959, to 100% disability on March 2, 1967. Quite the contrary, the Board made the following findings of fact: "3. There has been no increase in claimant's disability beyond 50% partial disability since the decision of the Referee dated April 27, 1961." The Court of Common Pleas of Philadelphia affirmed the Board and this Court must do the same.

The Pennsylvania Workmen's Compensation Act provides: "The board, or referee designated by the board, may at any time, modify, reinstate, suspend or terminate an original or supplemental agreement or an award upon petition filed by either party with such board, *upon proof* that the disability of an injured employee has increased, decreased or has temporarily or finally ceased or that the status of any dependent has changed. . . ." (Act of June 2, 1915, P. L. 736, Art. IV, §413, as amended, 77 P.S. 772.) (Emphasis supplied.)

The law is quite clear that the burden was on appellant to establish the change. *Reager v. Day & Zimmerman,* 173 Pa. Super. 102, 94 A. 2d 81 (1953).

Appellant relies on the recent case of *Petrone v. Moffat Coal Co.,* 427 Pa. 5, 233 A. 2d 891 (1967), which decision reversed the Superior Court whose opinion in the same case is reported in 208 Pa. Super. 239, 222 A. 2d 416 (1966). The sole issue in that case was whether a claimant was entitled to 100% disability when his medical testimony showed he could do light work but there was no evidence as to whether light work was available. Prior to the Pennsylvania Supreme Court decision there had been a presumption that light work was available. The *Petrone* case established that

it was the burden of the employer to show light work was available, and the court remanded the case to the Workmen's Compensation Board to go into that matter. The decision in the *Petrone* case was discussed at length in *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A. 2d 668 (1968). Neither of these cases goes to the question of whether there has been a change in the percentage of disability from the original determination to the date of the application for reinstatement. It is this question that is the sole issue here.

The appellant cannot use a petition for reinstatement as a substitute for an appeal from an order entered some six years before. He cannot in this proceeding relitigate the percentage of disability which was determined in 1961. Had the *Petrone* case and the *Barrett* case been in the books at that time the burden would have been different, but it is pure speculation whether the result would have been altered.

We have reviewed the testimony offered by the appellant as well as the testimony of appellee's witness. The testimony was reviewed by the Board in its opinion. The Board concluded from the evidence that there had not been a showing of changed condition from partially disability to total disability. We cannot say that the Board was without ample competent testimony in the record to arrive at that conclusion. *See Verna v. Stabler*, 204 Pa. Super. 87, 203 A. 2d 578 (1964).

Decision affirmed.