Schrader & Seyfried, Inc., et al. *v.* Cerny, et al.

Argued January 11, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Robert Lazorchick,* with him *Scott & Lazorchick,* for appellant.

*Carl A. Niehoff,* for appellee.

OPINION BY JUDGE ROGERS, March 5, 1973:

An employer here appeals from a decision of the Workmen's Compensation Board awarding a claimant total disability benefits.

In March 1962 claimant, Thomas Cerny, was injured. By agreement, compensation for total disability was paid until claimant returned to work in June 1962, performing light duties. The claimant was laid off and his employer petitioned to terminate the agreement alleging that the claimant was no longer disabled. The referee, and on appeal the Board, instead modified the agreement to provide compensation for 75 percent partial disability from September 1962. The right to compensation on this award expired in June 1969, and claimant in August 1969 petitioned to modify the agreement, alleging that his disability was now total. The referee after hearing found claimant was not totally disabled and denied compensation. The Board set aside

the referee's decision and awarded compensation for total disability not, as we read its opinion, because there had been a change in the degree of claimant's disability but because the employer failed in this proceeding to show that work was available under the rule of *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A. 2d 668 (1968).

Appellant contends that the claimant in this case did not prove a change in his previously adjudicated status of partial disability. After carefully reviewing the entire record we agree.

The issue here was whether there was a change in the claimant's condition of 75 percent disability. The Board found neither that claimant was totally disabled nor that his degree of partial disability had increased, nor, if it had, is there substantial evidence in the record that would support such a finding. Claimant's physician who had in the earlier proceeding produced the judgment of 75 percent disability testified that claimant was now "probably 90 percent disabled." He did not describe any changes in the claimant's condition nor afford any other basis for his opinion of increased disability. Claimant himself testified that he has remained basically with the same pain and in the same physical condition since his injury. The Board's reference to the claimant's condition most favorable to the claimant was that he was "at least 75 percent disabled, and under his physician's testimony is now 90 percent disabled."

This case is governed by our decision in *Henderson v. Air Master Corporation*, 2 Pa. Commonwealth Ct. 275, 276 A. 2d 581 (1971). We there held that where no change in the claimant's condition is proved there can be no change in an earlier award and that a modification or reinstatement proceeding cannot be used to relitigate the percentage of disability determined in the original award. We also concluded in

*Henderson* that neither *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A. 2d 891 (1967), nor *Barrett v. Otis Elevator Co., supra,* place upon defendant employer the burden of showing the availability of work where the claimant has not proved a change in his condition of disability previously determined. Thus, it was error for the Board to hold that claimant was entitled to compensation for total disability solely because the employer failed to prove the availability of work.

ORDER

Now this 5th day of March 1973, the order of the Workmen's Compensation Board is reversed, and claimant's petition No. 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 is dismissed.