The Great A & P Tea Company, Incorporated, Appellant, v. Alfred Slebrich, Appellee.

Argued May 9, 1974, before Judges KRAMER, MEN-CER and ROGERS, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellant.

*Alexander J. Pentecost,* for appellee.

OPINION BY JUDGE ROGERS, June 7, 1974:

Alfred Slebrich was severely beaten by robbers on August 12, 1961, while taking the receipts of his employer, The Great A & P Tea Company, to the bank. He and A & P entered into an agreement and a supplemental agreement for total compensation. On July 21, 1962, Mr. Slebrich executed a final settlement receipt. On July 1, 1963, he filed a petition to set aside the final receipt. When this matter came on for hearing before a referee on December 19, 1963, Mr. Slebrich and A & P,

both represented by counsel, entered into an agreement that the claimant's disability had, in the words of the referee, "resolved itself into an indeterminate partial disability." The referee thereupon reinstated the agreement for compensation, modified to provide for compensation for partial disability. Compensation was paid in accordance with the referee's order.

On March 12, 1969, a date following the expiration of the then maximum period for partial disability payments, the claimant filed a petition to review the existing compensation agreement alleging that his disability had become total. A & P denied that Mr. Slebrich's disability had become total and alleged that it remained partial. After hearing conducted on May 26, 1971, the referee found that the claimant continued to be only partially disabled and denied further compensation. The Workmen's Compensation Appeal Board by a decision filed March 10, 1972,[1] vacated the referee's finding of continued partial disability, substituted its finding of total disability and ordered the A & P to pay compensation for total disability. The Court of Common Pleas of Allegheny County affirmed the Board. A & P has appealed.

A & P's case is based upon the assertion that the claimant was in fact totally disabled in December, 1963, when the parties agreed that he was partially disabled. It contends that the claimant failed to prove at the hearing on the review petition that his condition was then different from his condition in December, 1963. A & P explains the 1963 agreement for partial disability as being part of an arrangement under which the claimant received, in addition to the agreed upon future

---

[1] The decision therefore antedated May 1, 1972, the effective date of the Act of March 29, 1972, P. L.      , Act No. 61, amending Section 423 of the Workmen's Compensation Law, 77 P.S. §854, so as to make referees' findings supported by competent evidence conclusive on the Board.

compensation for partial disability, the proceeds of an insurance policy provided by A & P for totally disabled employes. A & P further notes that this insurance benefit was paid as the result of a certification of the same physician who testified for the claimant at the May, 1971, hearing. A & P cites our case of *Henderson v. Air Master Corporation,* 2 Pa. Commonwealth Ct. 275, 276 A. 2d 581 (1971), as imposing the burden on the claimant seeking a review of an agreement or award of partial compensation to prove a change in his condition, and certain statements in *Flowers v. Liggett & Myers Tobacco Co.,* 145 Pa. Superior Ct. 230, 20 A. 2d 856 (1941) to the effect that a claimant will not be heard to repudiate an agreement for compensation for partial disability made in a settlement in which the employer's compensation carrier released its right to subrogation against third persons.

The difficulty with A & P's arguments is that they are not supported by the record. The claimant's physician testified that his 1963 certification was only that the claimant was unable to perform the duties of his former position as co-manager of an A & P store.[2] The claimant testified that he agreed to accept compensation for partial disability in 1963 because it would permit him to search for work he could perform and that during 1965 and 1966 he was in fact employed as a bartender. As for the claimant's physical condition, both he and his doctor testified that it had deteriorated, the latter describing increased limitation of motion in the claimant's right arm.

*Flowers v. Liggett & Myers Tobacco Co., supra,* is clearly distinguishable on two crucial points. There, as the Superior Court pointed out, "[i]t clearly appear[ed] . . . that claimant was not endeavoring to se-

---

[2] This position included the work of unloading trailers and stocking shelves.

cure additional compensation by reason of a *recurrence* of disability but solely upon the ground of a *continuing* total disability which had never ceased, nor changed in extent, since the time of his accident." 145 Pa. Superior Ct. at 236, 20 A. 2d at 859. (Emphasis in original.) Further, in *Flowers* the third party who had caused the employe's injuries contributed to the settlement and obtained a release which effectively foreclosed the employer's carrier's right to subrogation on account of further payments of compensation. Here there is no evidence that the claimant's assailants were apprehended, much less that they participated in the 1963 arrangement between the claimant and his employer.

Affirmed.