Patricia Banks, Widow of Clair D. Banks, Appellant, *v.* Workmen's Compensation Appeal Board, F. E. Cooper Lumber Corporation, and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellees.

Argued September 11, 1974, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*T. Dean Lower,* for appellant.

*James S. Routch,* with him *Patterson, Evey, Routch & Black* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, October 24, 1974:

This is an appeal by the personal representative of Clair D. Banks (Banks)[1] from a decision of the Workmen's Compensation Appeal Board (Board) affirming

---

[1] Banks died on December 17, 1972, from causes unrelated to the accident for which he had been receiving compensation. His widow, Patricia Banks, filed the present appeal. This dispute con-

a referee's modification of compensation benefits based on a finding that Banks' disability had decreased from total disability of 25% partial disability as of July 26, 1971.

On May 17, 1967, Banks fractured his right hand in an accident while in the course of his employment as a general laborer with the F. E. Cooper Lumber Corporation (Cooper). Shortly thereafter the parties entered into a compensation agreement providing for weekly benefits for total disability. Payments were made under this agreement until July 1, 1968.

August 5, 1968, Cooper and its insurance carrier filed a petition for termination or modification of compensation, asserting that Banks was no longer disabled as a result of his accident. A hearing was held before a referee who, on March 8, 1971, issued an order dismissing Cooper's petition and ordering the resumption of payments for total disability from July 1, 1968.[2]

Compensation payments were made by Cooper pursuant to this order until July 26, 1971. On August 2, 1971, Cooper filed a second petition for termination or modification of compensation, claiming that Banks' disability was not total. This time Cooper's petition was granted by a referee who issued an order modifying compensation benefits based on a finding that Banks' disability had been reduced from total disability to 25% partial disability as of July 26, 1971. The referee's order was affirmed by the Board, and the present appeal followed.

Our scope of review in this type of case in which the party having the burden of proof has prevailed below[3]

_____

cerns compensation for which Banks was eligible until the day of his death.

[2] The record does not disclose whether or not an appeal was ever taken from this order.

[3] The party seeking to modify a compensation award or agreement has the burden of proof. *Sherred v. Pittsburgh*, 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973).

is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was not supported by substantial evidence. *See Panther Valley School District v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 178, 318 A. 2d 403 (1974). Banks' widow argues that Cooper failed to meet its burden of showing a change in Banks' disability from total to 25% partial. Since the referee specifically found as a fact that such a change had occurred, we must construe her argument to be that this finding was not supported by substantial evidence. Our careful review of the record reveals that this is, indeed, the case. Therefore, we reverse.

Cooper's petition for modification of compensation was filed under Section 413 of The Pennsylvania Workmen's Compensation Act.[4] This provision, in effect at the time Cooper filed its petition, read in pertinent part as follows: "The board, or referee designated by the board, may at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased . . . ." Under this provision, it was Cooper's burden to prove that Banks' disability had decreased *after* the date of the referee's award for total disability on March 8, 1971, *E. R. Reed Contractor Company, Inc. v. Keener,* 7 Pa. Commonwealth Ct. 580, 300 A. 2d 847 (1973).

---

[4] Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §772.

In order to satisfy its burden, Cooper presented the testimony of three witnesses. The medical expert, Dr. S. Victor King, testified that he had examined Banks on two occasions; namely, July 14, 1970 and June of 1971. The substance of Dr. King's testimony was that Banks had only a 20% partial disability of his right hand on both dates. He unequivocally stated that Banks' disability *had not changed* between the two examinations. This testimony was fatal to Cooper's petition.

As we stated in *Schrader & Seyfried, Inc. v. Cerny,* 7 Pa. Commonwealth Ct. 659, 661, 301 A. 2d 125, 126-27 (1973), "[t]his case is governed by our decision in Henderson v. Air Master Corporation, 2 Pa. Commonwealth Ct. 275, 276 A. 2d 581 (1971). We there held that where no change in the claimant's condition is proved there can be no change in an earlier award and that a modification . . . proceeding cannot be used to relitigate the percentage of disability determined in the original award." The efficacy of this holding is made abundantly clear by the fact that Cooper filed its petition for modification less than five months after the referee's award was made. Absent the requirement of showing a change in disability, a disgruntled employer (or claimant) could repeatedly attack what he considers an erroneous decision of a referee by filing petitions for modification based on the same evidence ad infinitum, in the hope that one referee would finally decide in his favor. The proper, and only, method of attacking an erroneous decision of a referee is by an appeal to the Board and subsequently to this Court.

We also *conclude from our reading of the record* that the testimony of the other two witnesses presented by Cooper fails to show that Banks' disability had decreased. While these witnesses testified that they occasionally saw Banks performing certain daily tasks, their testimony is not supportive of the finding that

Banks' disability changed from the time of the award for total disability.

Therefore, we issue the following

**ORDER**

AND Now, this 24th day of October, 1974, the decision of the Workmen's Compensation Appeal Board as to the claim of Clair D. Banks is reversed. It is ordered that judgment be entered in favor of Clair D. Banks and against the F. E. Cooper Lumber Corporation for compensation for total disability, to be computed at the rate of $38.30 per week, beginning July 26, 1971, and continuing until December 17, 1972, the date of claimant's death, in accordance with the terms of The Pennsylvania Workmen's Compensation Act, with interest at the rate of 6 percent per annum on the accrued amount.