Airco-Speer Electronics and Liberty Mutual Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Ruth F. Perry, Appellees.

Argued December 6, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Richard H. Scobell,* for appellant.

*Anthony H. Chambers,* with him *Chambers & Crisman,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, March 6, 1975:

This is an appeal by Airco Speer Electronics and its insurance carrier, Liberty Mutual Insurance Company, (appellants) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's modification of compensation benefits owing to Ruth F. Perry (claimant).

Claimant had been employed by Airco Speer Electronics for approximately 19 years when, on August 20, 1970, she injured her back in an accident which occurred in the course of her employment. Shortly thereafter, the parties entered into a compensation agreement pursuant to The Pennsylvania Workmen's Compensation Act,[1] providing for weekly benefits for total disability, at the rate of $60 per week.

Payments were made under this agreement until January 11, 1972. On February 2, 1972, appellants filed a petition to terminate compensation, alleging that claimant's disability ceased on January 11, 1972. A hearing was held on this petition, and a referee, on August 2, 1972, dismissed the petition and reinstated the compensation agreement in a modified form providing for compensation for total disability from January 11, 1972 until March 24, 1972 and for partial disability after that date. *No appeal was taken from this award.*

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

On October 18, 1972, claimant filed a petition to modify the award of August 2, 1972, alleging that her disability had increased to 100 percent as of October 6, 1972. A referee, after a hearing, granted claimant's petition and awarded compensation for total disability from October 6, 1972. The referee's award was affirmed by the Board, and the present appeal followed.

Our scope of review in this type of case in which the party having the burden of proof has prevailed below[2] is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was not supported by substantial evidence. *See Panther Valley School District v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 178, 318 A. 2d 403 (1974).

Appellants show their knowledge of our narrow scope of review by arguing that the referee's finding of total disability is not supported by substantial evidence in the record. We agree and, therefore, reverse.

Claimant's petition for modification of compensation was filed under the second paragraph of Section 413 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §772 (Supp. 1974-1975). This provision reads in pertinent part as follows: "A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed." Under this provision, it was claimant's burden to prove that her disability had increased after the date of the referee's award of August

---

2. The party seeking to modify a compensation award or agreement has the burden of proof. *Sherred v. Pittsburgh,* 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973).

2, 1972. *E. R. Reed Contractor Company, Inc. v. Keener,* 7 Pa. Commonwealth Ct. 580, 300 A. 2d 847 (1973).

Our careful reading of the record reveals that claimant did not offer substantial evidence to prove that her disability increased after August 2, 1972. The only evidence which even approached this goal was the testimony of Dr. John J. Monahan, M.D. We have read and reread this testimony and conclude that it is far too equivocal to support a finding that claimant's disability had increased.

Claimant places much weight, as the referee apparently did,[3] on her unsuccessful attempt to perform a job which the prior referee, in reaching his August 2, 1972 determination of partial disability, concluded she was *able* to do. This evidence, however, does not support a finding that her disability had increased but only shows that the two referees reached different conclusions on the question of whether claimant was able to perform the job offered her. Her ability to perform this job had already been litigated and resolved by the August 2, 1972 determination of the referee and was not at issue on claimant's present petition to modify. The only issue at this second hearing was whether or not claimant's disability had increased.

We find that this case is governed by our recent decision in *Banks v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 373, 327 A. 2d 404 (1974), in which we said: "As we stated in Shrader & Seyfried, Inc. v. Cerny, 7 Pa. Commonwealth Ct. 659, 661, 301 A. 2d 125, 126-27 (1973), '[t]his case is governed by our decision in Henderson v. Air Master Corporation, 2 Pa. Commonwealth Ct. 275, 276 A. 2d 581 (1971). We there held that where no change in the claimant's condition is proved there can be no change in an earlier award and that a modification ... proceeding can-

---

3. Claimant's unsuccessful attempt to return to work occurred on October 5, 1972, and the referee found her to be totally disabled as of October 6, 1972.

not be used to relitigate the percentage of disability determined in the original award.' " 15 Pa. Commonwealth Ct. at 377, 327 A. 2d at 406. The efficacy of this holding, as mentioned in *Banks, supra,* is even more clear in the present case in which claimant's petition for modification of the referee's award was filed *less* than two months after the award. As we stated in *Banks,* "[a]bsent the requirement of showing a change in disability, a disgruntled employer (or claimant) could repeatedly attack what he considers an erroneous decision of a referee by filing petitions for modification based on the same evidence ad infinitum, in the hope that one referee would finally decide in his favor. The proper, and only, method of attacking an erroneous decision of a referee is by an appeal to the Board and subsequently to this Court." 15 Pa. Commonwealth Ct. at 377, 327 A. 2d at 406.

Therefore, we issue the following

### ORDER

AND NOW, this 6th day of March, 1975, the herein appealed decision of the Workmen's Compensation Appeal Board, as to the claim of Ruth F. Perry, is reversed. Ruth F. Perry shall continue to receive compensation for partial disability under the referee's award of August 2, 1972.