Workmen's Compensation Appeal Board and Paul Datsuk, Appellees, *v.* Booth & Flinn Company and Maryland Casualty Company, Insurance Carrier, Appellants.

Argued February 6, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Joseph Hakun,* with him *Frederick L. Fuges,* and *MacCoy, Evans & Lewis,* for appellants.

*Joseph D. Shein,* with him *Shein & Brookman, P.A.,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, April 18, 1975:

This is an appeal from a decision of the Workmen's Compensation Appeal Board (board) which affirmed a referee's award of benefits to Paul Datsuk (claimant).

The claimant injured his back in an accident at work on October 13, 1960 and entered into a compensation agreement with his employer, Booth and Flinn Company, on November 9, 1960 for the payment of workmen's compensation benefits for total disability. On October 11, 1961 the employer filed a petition for modification and, after conducting hearings, a referee concluded that the claimant's disability was reduced to a 50% partial disability. On appeal the board affirmed this decision.

The 350 week period for payment of partial disability benefits expired on January 4, 1968 and on March 18, 1968 the claimant filed a reinstatement petition alleging that he was again totally disabled. Following a series of hearings, a referee awarded payments on February 26, 1974 for total disability, and the board affirmed. The employer has now appealed to this Court.

As we have often stated, our scope of review is limited here to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial competent evidence. *Page's Department Store v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 126, 309 A.2d 169 (1973).

The claimant here, as the moving party, has the burden of proving, not only that he is totally disabled, but that the condition created by the accident for which he is entitled to compensation has changed from its previously determined extent. *Pardee v. Erie City Iron Works,* 9 Pa. Commonwealth Ct. 253, 305 A.2d 741 (1973). A modification or reinstatement proceeding cannot be used to relitigate the percentage of disability determined in a prior award. *Schrader & Seyfried, Inc. v. Cerny,* 7 Pa. Commonwealth Ct. 659, 301 A.2d 125 (1973). The proper, and only, method of attacking an erroneous decision of a referee or the board is by a timely appeal. *See Banks v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 373, 327 A.2d 404 (1974).

The evidence presented by the claimant here in support of his petition for reinstatement indicated that the pain which he was continuing to suffer as a result of the accident was in some measure attributable to a psychiatric disorder. Years before, when it had been determined that the claimant was 50% disabled, his disability was explained entirely on an anatomical basis. Doctor Emil Harasym, who testified on the claimant's behalf in a hearing on the petition for reinstatement, explained that the claimant's condition should have improved after eight years but that it had failed to do so because of a traumatic neurosis syndrome. Dr. Maurice D. Pressman, who also testified for the claimant in the same proceedings, recounted the emotional trauma which the claimant had undergone as a result of his injury and of his inability

to continue working. Dr. Pressman stated that the claimant was suffering from a somatization reaction. He explained:

> "This is a psychiatric diagnosis which represents a condition in which physical complaints evolve from emotional turmoil, which may be based upon emotional trauma or emotional turmoil of some sort, but the fact is that the patient converts his emotional troubles into a physical reaction."

Neither of the doctors who testified for the claimant, however, indicated that the pain itself was more intense or in any way differently felt than the pain which he was experiencing at the time of the prior determination of 50% disability. They merely posited a different explanation for the cause of the pain, namely, that it was attributable to psychological factors. The claimant's symptoms were actually identical to those which he had experienced at the time of the prior award. Dr. Harasym testified simply that the claimant's condition had remained unchanged and that the psychological disorder was preventing recovery.

This is a difficult case. We would not hestiate to affirm the board in allowing benefits if the claimant's evidence indicated that he was suffering from new symptoms or that the pain was more intensely felt than at the time of the prior award. But where as here the symptoms have not changed and the claimant merely puts forth a different medical explanation for them, we cannot agree that he has met his burden of proving a changed disability.

We, therefore, issue the following

ORDER

AND, NOW, this 18th day of April, 1975, the decision of the Workmen's Compensation Appeal Board dated August 8, 1974 is hereby reversed and the claimant is hereby denied benefits.