342 A.2d 384

**Thomas CERNY, Appellant,**

v.

**SCHRADER & SEYFRIED, INC. and Pennsylvania Manufacturers Association Casualty Insurance Company, Insurance Carrier, Appellee.**

Supreme Court of Pennsylvania.

Argued April 18, 1974.

Decided July 7, 1975.

Rehearing Denied Aug. 18, 1975.

---

22

Carl A. Niehoff, Lehighton, for appellant.

Robert Lazorchick, Scott & Lazorchick, Lansford, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

Thomas Cerny, while in the employment of Schrader and Seyfried, Inc., [Schrader] suffered a compensable accident on March 29, 1962, when a sewer trench in which he had been working collapsed upon him. Thereafter, by agreement, compensation for total disability at $47.50 per week was paid Cerny until he returned to work on June 26, 1962. However, because of his injuries, Cerny could not perform his usual work and was, therefore, given light duties. On September 21, 1962, Cerny was laid off. He has not worked since that time.

On November 1, 1962, Schrader petitioned the Workmen's Compensation Board to terminate the compensation agreement, alleging that all disability had ceased as of June 15, 1962. After a hearing, the Workmen's Com-

pensation Referee modified the compensation agreement to provide for the payment of compensation for 75% partial disability at the maximum of $37.50 per week beginning September 21, 1962. The Board subsequently affirmed the Referee's determination and no further appeal was then entered.

On June 5, 1969, Cerny's 350 week period for partial disability payments ended. On August 15, 1969, Cerny timely petitioned the Board to modify the compensation agreement alleging his disability had increased to total. After a hearing the Referee denied Cerny's petition. Without deciding whether Cerny had established an increase in disability,[1] the Referee determined Cerny was not totally disabled because he was able to engage in light work. The Board, however, set aside the Referee's decision and awarded Cerny total disability benefits. Although it, too, failed to decide whether Cerny had established an increase in disability,[2] the Board, relying upon our decision in *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A.2d 668 (1968), granted Cerny relief because Schrader had failed to prove light work was available which Cerny was capable of obtaining. Schrader then appealed to the Commonwealth Court which reversed the Board ruling, that Cerny had failed to establish an increase in disability. We then granted allocatur.

█ Cerny's petition for modification of compensation was filed under Section 413 of The Pennsylvania

1. The Referee in his Findings of Fact did state:
"5. Claimant's physician expressed the opinion that Claimant's disability has increased over the years; that he is 90% disabled for the purpose of performing any work of a physical nature, and that he can only engage in work of a sedentary nature." However, this is a mere reiteration of the testimony of Cerny's physician and cannot be considered as an adoption by the Referee of the opinion expressed therein.

2. On this point the Board stated, "claimant is certainly at least 75% disabled, and under his physician's testimony now 90% disabled." This can hardly be considered a determination of an increase in Cerny's disability.

Workmen's Compensation Act.[3] This provision, in effect, at the time Cerny filed the instant petition, read as follows:

"The board, or referee designated by the board, may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased . . . ."

Under this provision, it was Cerny's burden, as movant, to prove that his disability had increased after the date of the Referee's award for partial disability on September 21, 1962. *Airco-Speer Electronics v. Workmen's Compensation Appeal Board,* 17 Pa.Cmwlth. 539, 333 A.2d 508 (1975); *Banks v. Workmen's Compensation Appeal Board,* 15 Pa.Cmwlth. 373, 327 A.2d 404 (1974); *Henderson v. Air Master Corporation,* 2 Pa.Cmwlth. 275, 276 A.2d 581 (1971).

However, while it was Cerny's burden to prove an increase in disability after September 21, 1962, he did not have the burden of also proving he was totally disabled, that is, incapable of performing any job. In a related area, that of initial application for a compensation award, we have ruled, "once the claimant has discharged his burden of proving that, because of his injury, he is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to the claimant which he is capable of obtaining." *Barrett v. Otis Elevator Company, supra,* 431 Pa. at 458, 246 A.2d at 674. See also *Petrone v.*

3. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 772.

*Moffat Coal Company*, 427 Pa. 5, 233 A.2d 891 (1967) ; *Kirk v. L. Bauer, Jr., Inc.*, 209 Pa.Super. 357, 228 A.2d 228 (1967). We imposed this burden upon the employer because, in our view, "it certainly is more difficult to prove *conclusively* that no jobs are available than to prove *conclusively* that a job is available". [Emphasis in original.] *Barrett v. Otis Elevator Company*, supra, 431 Pa. at 455, 246 A.2d at 673.[4] We believe the same allocation of burdens of proof should apply to modification proceedings. Therefore, we rule that the claimant in a modification proceeding, alleging total disability, initially has the burden of proving an increase in disability and that he is incapable of performing his regular employment. Once having met this burden a finding of total disability is warranted unless the employer discharges his burden of proving that work is available which the claimant is capable of obtaining.

■■ As noted previously, neither the Referee nor the Board determined whether Cerny had established an increase in disability; each premising its determination upon the availability or non-availability of light work for Cerny. Therefore, we vacate the Order of the Commonwealth Court and remand the record to the Workmen's Compensation Board so that it may decide whether an increase in Cerny's disability has been established.[5] If

4. "[T]he law does not require that the claimant must visit every building and house in his community to inquire if he is needed as an elevator operator or engineer on a power lawn mower. If light work is available, it is easier for the defendant to prove its existence than for the claimant to prove its nonexistence." *Petrone v. Moffat Coal Company*, supra 427 Pa. at 11–12, 233 A.2d at 895.

5. Although the Commonwealth Court, after an independent review of the entire record, did determine that no increase in disability had been established, this decision cannot be affirmed. For it is well-settled that the compensation authority is the fact finding body and it is not within the province of a reviewing court to assume the privilege of making findings of fact. *Utter v. Asten-Hill Mfg. Co.*, 453 Pa. 401, 404, 309 A.2d 583 (1973); *Dindino v. Weekly Review Publishing Company, Inc.*, 188 Pa.Super. 606, 610, 149 A.2d 475 (1959); *Nash v. Sandnes' Sons, Inc.*, 6 Pa.Cmwlth. 403, 406, 295 A.2d 615 (1972).

26

the Board determines that Cerny has met his burden of proving his disability increased after September 21, 1962, then, since Schrader has failed to establish work other than his own type of employment was available to Cerny, an award for total disability should be entered. If, however, the Board determines that an increase in disability has not been proven, then a judgment for Schrader should follow.

It is so ordered.

ROBERTS, J., took no part in the consideration or decision of this case.

POMEROY and NIX, JJ., concur in the result.