Harmar Coal Company and Old Republic Companies, Petitioners v. Workmen's Compensation Appeal Board and James C. Dunmyre, Respondents.

Argued March 11, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Paul E. Sutter,* with him *George H. Thompson, Michael D. McDowell,* and *Hirsch, Weise & Tillman,* for petitioners.

*J. Scott Leckie,* with him *Kenneth J. Yablonski,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE BLATT, May 3, 1977:

This is an appeal by the Harmar Coal Company (employer) from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's reinstatement of compensation for total disability to James C. Dunmyre (claimant).

The claimant had suffered a work-related injury on May 15, 1967 and had been awarded compensation for total disability. On May 15, 1969, however, after the employer's petition for modification of benefits, a referee reduced benefits to the claimant to 50% disability as of November 28, 1967. A subsequent appeal to the

Board was withdrawn by the parties, thereby rendering the referee's award final.

On March 5, 1974, the claimant filed a petition with the Board alleging that his disability resulting from the 1967 injury had then become total and permanent, and the referee, having found that the claimant's disability had changed from a partial disability of 50% to a total and permanent disability, and that the disability was attributable to the 1967 accident, then ordered a reinstatement of benefits.[1] The Board affirmed this award. The employer then appealed to this Court on the basis that ''the referee's finding that the claimant's disability had increased from 50 per cent disability to total disability is unsupported by substantial evidence.''

It is clear that the moving party has the burden of proof, *Henderson v. Air Master Corp.,* 2 Pa. Commonwealth Ct. 275, 276 A.2d 581 (1971), and where, as here, such party has prevailed below, our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed or any necessary finding of fact was not supported by substantial evidence. *Airco-Speer Electronics v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 539, 333 A.2d 508 (1975). Moreover, we have held that

[t]estimony which is so uncertain or inadequate or equivocal or ambiguous or contradictory as to make a verdict of a jury or findings of a trial judge or the findings of an administrative fact finder mere conjectures is not adequate in lawsuits or substantial in administrative proceedings as a matter of law.

---

[1] The claimant's award for partial disability had expired on March 18, 1975 at the end of the statutory period of 350 weeks.

*Novaselec v. Workmen's Compensation Appeal Board,*
16 Pa. Commonwealth Ct. 550, 555, 332 A.2d 581, 583-
584 (1975).
Section 413 of The Pennsylvania Workmen's Compensation Act[2] (Act), 77 P.S. §772, provides, *inter alia*, as
follows:

> A referee designated by the department may,
> at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an
> original or supplemental agreement or an award
> of the department or its referee, upon petition
> filed by either party with the department, *upon proof that the disability of an injured employe has increased,* decreased, recurred, or has
> temporarily or finally ceased, or that the status
> of any dependent has changed. Such modification, reinstatement, suspension, or termination
> shall be made as of the date upon which it is
> shown that the disability of the injured employe
> has increased, decreased, recurred, or has temporarily or finally ceased. . . . (Emphasis
> added.)

It is clear that

> [t]he claimant here, as the moving party, has
> the burden of proving, not only that he is totally
> disabled, but that the condition created by the
> accident for which he is entitled to compensation has changed from its previously determined extent. A modification or reinstatement
> proceeding cannot be used to relitigate the percentage of disability determined in a prior
> award. The proper, and only, method of attacking an erroneous decision of a referee or the

---

[2] Although the record and the briefs are devoid of any mention
of this section of the Act of June 2, 1915, P.L. 736, *as amended,*
77 P.S. §1 et seq., it is clear that Section 413 controls here.

board is by a timely appeal. (Citations omitted.)

*Workmen's Compensation Appeal Board v. Booth & Flinn Co.,* 18 Pa. Commonwealth Ct. 369, 371, 336 A. 2d 448, 449 (1975).

We must, therefore, examine the testimony in the record to determine whether or not the claimant has proved by substantial evidence that his disability increased since the referee's award of May 15, 1969. *Banks v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 373, 327 A.2d 404 (1974).

The claimant testified that, because of the injuries sustained in the 1967 accident, he hadn't "done a day's work since then" and that he had been continuously taking the same medications for pain since a 1968 back operation, which the 1967 accident had made necessary. He also testified that the pain and numbness in one of his legs had increased. As to the fact that the claimant has held the elected office of tax collector for the Harmar Township and Allegheny Valley School District since 1961, both the claimant and his wife testified that his wife had been deputized as tax collector for both the Township and the School District and that she had performed *all* of the duties of those offices since the 1967 accident. The claimant's wife further testified that the claimant had not had any gainful employment of any kind since 1967 except for the tax collector positions. The claimant's doctor testified regarding his March 5, 1974 examination of the claimant, as follows:

His first complaint was burning of the left leg. Second complaint, he stated that he had muscle spasm. The muscle spasm was intermittent. And that he had recently noted the muscle spasm and on occasion he had low back pain. His third complaint was there was some improvement noted. He did not have the severe

pain he had been having in the past. He was able to get out of bed. But the fourth complaint was the one where he said he was unable to do anything of any kind. It was very difficult to get around. He was essentially immobilized. If he would attempt anything, he would have a great degree of pain. But he was able to walk. He also told me about the cardiac problems that he had had.

And, although this doctor testified that the claimant was presently totally disabled from injuries suffered in the 1967 accident, we note the following testimony, which we deem to be crucial here:

Q. Doctor, when you last saw him in *August of 1971, did you consider him at that time as being totally disabled from working in the coal mine?*

A. *He was discharged* [*sic*] *at that time,* yes.

Q. And going backwards from that date to the time when you had last seen him on his discharge from Montefiore Hospital *on May 7, 1968* (that would be from May 7, 1968 until August of 1971) *was he totally disabled from working in the coal mine on the beginning and end of those dates?*

A. *Yes, sir.* (Emphasis added.)

As in *Airco-Speer Electronics, supra,* and *Banks, supra,*

[t]his case is governed by our decision in Henderson v. Air Master Corporation, 2 Pa. Commonwealth Ct. 275, 276 A.2d 581 (1971). We there held that where no change in the claimant's condition is proved there can be no change in an earlier award and that a modification or reinstatement proceeding cannot be used to relitigate the percentage of disability determined in the original award.

*Schrader & Seyfried, Inc. v. Workmen's Compensation Appeal Board,* 7 Pa. Commonwealth Ct. 659, 661, 301 A.2d 125, 126-127 (1973); *rev'd on other grounds,* 463 Pa. 20, 342 A.2d 384 (1975).

We have carefully examined the record in this case, and we have quoted much of it here because this case is a very close one. We believe, however, that we must hold that the claimant has failed to prove by substantial evidence as defined in *Novaselec, supra,* that his disability has *changed*[3] *since the May 15, 1969 compensation award.* We must, therefore, reverse the order of the Board.

ORDER

AND Now, this 3rd day of May, 1977, the order of the Workmen's Compensation Appeal Board is reversed, the claimant's review petition is dismissed and benefits are denied.

---

[3] In *Gill v. Fives,* 170 Pa. Superior Ct. 564, 567, 88 A.2d 109, 110-111 (1952), the Superior Court held, in a Section 413 proceeding, that

> [t]he burden is on the claimant to prove his case by precise and credible evidence which must be of a more definite and specific nature than that upon which initial compensation is based. . . .