Beth-Allen Ladder Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and William F. Mills, Sr., Respondents.

324

Argued April 9, 1980, before President Judge Crumlish and Judges Craig and Williams, Jr., sitting as a panel of three.

*Thomas R. Bond,* with him, *Martin W. Bashoff, LaBrum and Doak,* for petitioner.

*Michael P. Shay, Sigmon & Ross,* P.C., for respondent, William F. Mills, Sr.

Opinion by President Judge Crumlish, August 1, 1980:

All State Insurance Company (All State), insurance carrier for Beth-Allen Ladder Company (Beth-Allen), appeals an order of the Pennsylvania Workmen's Compensation Appeal Board (Board) holding that it is chargeable to pay compensation and attorneys' fees to William F. Mills, Sr. We reverse in part and remand.

Mills was employed by Beth-Allen on January 21, 1976, when he sustained an injury to the lower back and groin while lifting a ladder in the course of his employment. Pursuant to a "notice of compensation payable," Mills received compensation at a rate of $144.93 per week for the period from January 26, 1976 to March 8, 1976 from All State. By award of the referee dated June 29, 1976, Beth-Allen and/or All State were ordered to reinstate payments effective April 12, 1976 for partial disability and to continue payment until such time as the disability changed or ceased within the terms of the Act. Interest and counsel fees were assessed against the defendants.

All State and Beth-Allen did not appeal the June 29, 1976 award and compensation was paid in accordance therewith from April 12, 1976 to December 31, 1976, inclusive.

On July 1, 1976, All State cancelled Beth-Allen's insurance coverage. The State Workmen's Insurance Fund (State Workmen's Fund) assumed liability coverage from July 2, 1976.

Mills, on December 7, 1976, filed a review petition, properly treated as a petition to modify, in which he alleged that on October 4, 1976, he experienced pain and a cracking sensation in his lower back as he lifted a ladder in the course of his employment; that he continued to experience this pain; and that, by October 18, 1976, his partial disability had increased to a temporary total disability. All State joined the State Workmen's Fund as a defendant because on the date of the alleged increase of disability it was the exclusive provider of Beth-Allen's workmen's compensation insurance.

The referee dismissed the modification petition and terminated benefits under the notice of compensation payable, finding:

13. ... [T]hat the Claimant failed to establish that he was partially or totally dis-

abled on and after March 8, 1976 due to the occurrence of an occupational injury on January 21, 1976.

14. ... [T]hat the Claimant failed to establish that he was totally disabled on and after October 18, 1976 due to an occupational injury occurring in early October, 1976.

15. Claimant failed to establish that treatments rendered by Dr. DeMartino on and after March 8, 1976 were related to an occupational injury on January 21, 1976.

On Mills' appeal, the Board vacated the referee's order and directed payment of partial disability and medical benefits for the period between April 12, 1976 to and including October 17, 1976, and temporary total disability benefits from October 18, 1976 to and including December 31, 1976. The Board awarded attorneys' fees and suspended compensation to Mills on January 1, 1977, the date upon which he returned to work in a self-employed capacity. Total liability was assessed against All State, Beth-Allen's insurance carrier at the time of the January 21, 1976 injury. Accordingly, the Board impliedly concluded that the incident which occurred on October 4, 1977, was merely a recurrence of the January 21, 1977 injury and not a separately compensable injury within the terms of Section 301 of The Pennsylvania Workmen's Compensation Act.[1]

In All State's appeals to us, it contends that the Board exceeded its authority in reversing the referee; in assessing attorneys' fees; and in making independent findings of fact upon which it assessed liability solely against All State.

Initially, we observe that the Board, as do all components of the administrative process, serves a limited

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.

function. The referee is the arbiter who weighs credibility of witnesses and considers the respective merit of conflicting testimony. *United Industrial Maintenance v. Workmen's Compensation Appeal Board*, 46 Pa. Commonwealth Ct. 156, 405 A.2d 1360 (1979). Where the party with the burden of proof fails before the referee, the Board may not disturb the decision absent an error of law or capricious disregard of competent evidence. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

The referee in the instant case found that as of March 8, 1976, Mills was no longer even partially disabled. The effect of his decision was to terminate the prior benefit award of June 29, 1976, in which Mills had been found partially disabled from a work-related injury occurring January 21, 1976, and awarded compensation which was to continue until proof that the condition changed. This the board correctly concluded was an error of law and vacated the finding (No. 13).

It is well settled that an original unappealed award is conclusive of all questions determined thereby, including the character of the disability as of the time of the award, *Evans v. Philadelphia & Reading Coal & Iron Co.*, 116 Pa. Superior Ct. 284, 176 A. 791 (1935), and that proceedings on a claimant's modification petition may not be used to relitigate issues which were decided in the prior proceedings. *Workmen's Compensation Appeal Board v. Booth & Flinn*, 18 Pa. Commonwealth Ct. 369, 336 A.2d 448 (1975).

Further, under Section 413 of The Pennsylvania Workmen's Compensation Act[2], an award of benefits may only be terminated upon filing a petition and proof that there has been a change in the disability or status.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §413.

The defendants filed no petition to terminate and the record is bare of evidence that the disability ceased.

The Board also vacated Finding No. 14, relating to the existence of a temporary total disability, and No. 15, relating to medical costs. It concluded that the referee had capriciously disregarded competent evidence and erroneously interpreted the standard of proof.

A referee in a workmen's compensation case is properly found to have capriciously disregarded competent evidence when the recorded facts do not support his finding, but a contrary result, and where there is no basis for challenging the credibility of the testimony supporting the contrary result. *A.P. Green Refractories Co., v. Workmen's Compensation Appeal Board*, 44 Pa. Commonwealth Ct. 1, 403 A.2d 172 (1979); *Bullock v. Building Main, Inc.*, 6 Pa. Commonwealth Ct. 539, 297 A.2d 520 (1972).

The only evidence of total disability after October 18, 1976, is that of Mills and his treating chiropractor, Dr. DeMartino, both of which can support no finding but that Mills was totally disabled as of that date, as a result of a work-related injury.

Mills unequivocally testified that on approximately October 4, 1976, he felt a twinge and a cracking in his lower back area when he lifted a 90-pound ladder at the request of his employer and that as a result, his previous back condition worsened.

Dr. DeMartino testified that when he examined Mills in October, he found evidence of aggravation to the area injured on January 21, 1976; that in his opinion the aggravation was attributable to the incident described on October 4, 1976; and that claimant was not physically capable of continuing his employment as of October 18, 1976. This is supported by a letter which Dr. DeMartino sent to the employer.

Dr. DeMartino further testified that Mills' medical treatments were necessitated by the injury of January 21, 1976, and subsequent aggravation in early October, 1976.

There is no evidence of record contradicting or discrediting either witness's testimony. In addition, the referee specifically overruled defendant's objection to Dr. DeMartino's professional qualifications. Therefore, while the referee need not accept even uncontradicted evidence, in a case such as this where there is no challenge to the credibility of either witness or apparent any reason for disbelief, absent an indication of a basis upon which the referee chose to question Mills' statements and ignore Dr. DeMartino's testimony, or some scintilla of evidence supporting the referee's conclusions, the Board was proper in setting aside the referee's findings. *See Bullock v. Building Main, Inc.*, 6 Pa. Commonwealth Ct. 539, 297 A.2d 520 (1972).

Moreover, the referee found that Mills was discharged from work on October 18, 1976, because he was unable to perform the required tasks. This finding, coupled with the unrebutted testimony of Mills and Dr. DeMartino that the disability was due to either an aggravation of the January 21, 1976 injury or a subsequent work-related injury on October 4, 1976, is sufficient as a matter of law to meet Mills' burden of proof and establish total disability. *A.P. Green Refractories Co. v. Workmen's Compensation Appeal Board, supra; see also Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979).

Liability for Mills' disability from October 18, 1976 to December 31, 1976, was assessed against All State in accordance with the Board's conclusion that the injury of October 4, 1976, was merely recurrence of the initial January 21, 1976 injury. It is All State's contention that the injury of October 4, 1976, constituted a "new" and compensably separate injury under Section

301 of the Act[3] and therefore the State Workmen's Fund and not All State, should be liable for compensation payments. The issue of All State versus Workmen's Insurance Fund's liability is the genuine area of dispute in the case as presented.

On appeal, All State argues that the Board has made independent findings of fact unsupported by the evidence and in abuse of its discretion. Whether Mills' lifting on October 4, 1976, which resulted in his back cracking "materially affected" his subsequent total disability and therefore was a separate compensable injury is a question of fact to be determined by the fact finder. *United Industrial Maintenance v. Workmen's Compensation Appeal Board, supra.* The Board may not make findings of fact without hearing additional evidence, which it did not do in the instant case. *Universal Cyclops Steel Corp. v. Krawczynski, supra.* Therefore, we remand to the referee for a determination of whether the lifting incident of October 4, 1976 "materially contributed" to Mills' deteriorating condition so as to constitute a separate compensable injury under Section 301 of the Act[4], or whether it was but a recurrence or natural progression of the January 21, 1976 injury.

Finally, All State contests the Board's award of attorneys' fees to Mills pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act.[5] *Edmond v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 458, 461, 402 A.2d 715, 716 (1979), controls:

> It is, of course, axiomatic that the 'reasonableness of contest' is a legal conclusion that

---

[3] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.

[4] *Id.*

[5] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996.

must be arrived at based on facts found by the referee which are supported by substantial evidence.... In order for this Court, and the Board, to review such a conclusion to determine whether an error of law has been committed, the referee must first be given an opportunity to render his opinion on the reasonableness of the contest. We are compelled, therefore, to reverse the Board and to remand this case to the referee so that he may make this necessary legal conclusion.

Accordingly, we

### ORDER

AND Now, this 1st day of August, 1980, the order of the Workmen's Compensation Appeal Board dated March 29, 1978, is reversed in part and remanded. Paymant of compensation payable to William F. Mills, Sr., as a result of his being partially disabled from April 12, 1976 to October 17, 1976, and temporarily totally disabled from October 18, 1976 to December 31, 1976, as the result of a work-related injury, shall be made in the following manner:

1. Beth-Allen Ladder Company and/or All State Insurance Company shall pay William F. Mills, Sr., compensation for partial disability from April 12, 1976 to and including October 17, 1976 at the rate of $36.23 per week;

2. Beth-Allen Ladder Company and/or All State Insurance Company shall pay compensation for total disability from October 18, 1976 to and including December 31, 1976 at the rate of $144.93 per week.

3. Compensation shall be suspended as of January 1, 1977.

4. Beth-Allen Ladder Company and/or All State Insurance Company shall pay all medical expenses presented into evidence before the referee.

5.   Interest at a rate or ten (10%) percent shall be paid on all deferred payments of compensation.

6.   The Board's finding that Mills' total disability was causally related to the January 1, 1976 injury is vacated and the issue is remanded to the referee to determine whether the incident occurring on October 4, 1976, materially contributed to Mills' disability and constituted a new injury within the terms of Section 301 of The Pennsylvania Workmen's Compensation Act or merely a recurrence of the initial January 21, 1976 injury. The referee shall, on the basis of this determination, assess the liability of All State Insurance Company and State Workmen's Insurance Fund for Mills' total disability between October 18, 1976 and December 31, 1976.

7.   After the referee or Board rendered a final decision with regard to liability, the payments made by the carrier not liable in the case shall be awarded or assessed against the carrier liable in the case as costs in the proceedings in favor of the carrier not liable in the case as provided for in Section 410 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §751.

8.   The Board's award of attorneys' fees to Mills pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act is vacated and the issue is remanded to the referee to determine the reasonableness of the contest. Provided, that in the event the referee shall conclude that there was no reasonable ground for contest, the referee shall award an amount equal to twenty (20%) percent of the award payable as attorneys' fees, directly to Sigmon & Ross, P.C., payable by the insurance carrier ultimately determined to be liable.

9.   Beth-Allen Ladder Company and/or All State Insurance Company shall be credited with all prior

payments of compensation made under the notice of compensation payable and referee's award of June 29, 1976.