Iona Myers, widow of James, Appellant *v.* Sun Shipbuilding and Dry Dock Co., Appellee.

Submitted on briefs December 13, 1982, to President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

324

*John F. McElvenny,* for appellant.

*Andrew J. Forbes, Cramp, D'Iorio, McConchie & Forbes, P.C.,* for appellee, Sun Shipbuilding & Dry Dock Company.

*Henry A. Riley,* Assistant Counsel, for appellee, Workmen's Compensation Appeal Board.

Opinion by President Judge Crumlish, Jr., May 16, 1983:

Iona Myers appeals a Philadelphia County Common Pleas Court order affirming a Workmen's Compensation Appeal Board modification of a referee's benefits award. We reverse and remand.

Myers filed a fatal claim petition under "The Pennsylvania Occupational Disease Act,"[1] alleging

---

[1] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201-1603.

that her husband died from an occupational disease contracted in the course of his employment with Sun Shipbuilding and Dry Dock Company. The referee made the following finding of fact:

> 3. Claimant's decedent sustained an occupational disease, to wit, anthracosilicosis and asbestosis which moved to the point of disablement on March 13, 1971. After claimant's decedent became totally disabled his anthracosilicosis became diffuse, developed an undifferentiated carcinoma with general metastasis, which finally resulted in respiratory failure and death on April 7, 1972.

The referee awarded Myers lifetime benefits in the amount of $35.00 a week, but failed to limit the award to $12,750, as required by the Act for a death resulting from asbestosis or silicosis. Section 301(a)(2) of the Act.[2] There is no corresponding limitation on benefits for deaths due to cancer.

The Commonwealth and Sun Shipbuilding appealed to the Board, which modified the referee's award by placing a $12,750 limit on total benefits. The Board refused to consider Myers' argument that the referee's award was proper because the cause of death was cancer, deciding that Myers was precluded from raising this argument because she had not appealed the referee's decision. The common pleas court affirmed, in spite of its notation that the referee found cancer to be the cause of death.

Myers argues, and we agree, that the Board erred in refusing to consider her argument. While a claimant is precluded on appeal from challenging the unfavorable nature of an award which he did not appeal,

[2] 77 P.S. §1401(a)(2).

*Beth-Allen Ladder Co. v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 323, 417 A.2d 854 (1980), he is not precluded from offering argument in support of a favorable award which the opposing party appealed. *See Radio Broadcasting Co. v. Franklin Town Corp.,* 55 Pa. Commonwealth Ct. 147, 423 A.2d 444 (1980).

Reversed and remanded for consideration of Myers' argument.[3]

ORDER

The Philadelphia County Common Pleas Court order in No. 1738 May Term 1979, dated May 15, 1981, is hereby reversed and remanded to the common pleas court with directions to remand to the Workmen's Compensation Appeal Board for proceedings not inconsistent with this Opinion. Jurisdiction relinquished.

---

[3] Because of our disposition of this matter, we find it unnecessary to address Myers' alternative arguments.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

The referee as the fact-finder, determined the decedent's death to be the result of an occupational disease. Claimant did *not* appeal from the finding. The *employer* appealed only because of the referee's failure to limit the award. The sole issue before the Board was whether or not the referee erred in failing to apply the statutory limit—there was no issue regarding the cause of death properly before the Board. It is my opinion that Claimant could present supportive arguments to the Board to show that the statutory limit should not be applied, but could not reargue the cause of death. I would affirm the Board.