Margaret Scott, Petitioner *v.* Workmen's Compensation Appeal Board (Wallingford-Swarthmore School District), Respondents.

Submitted on briefs December 8, 1983, to Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Alfred J. Mattei,* for petitioner.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE DOYLE, March 5, 1984:

This is an appeal from the decision of the Workmen's Compensation Appeal Board (Board), which affirmed the referee's dismissal of the petition for reinstatement of Margaret Scott (Petitioner).

On September 1, 1978, Petitioner was injured while at work and began receiving disability benefits from her employer, the Wallingford-Swarthmore School District (School District), pursuant to a notice of compensation payable.[1] On October 16, 1979, the School District filed a petition for suspension of benefits which was granted by the referee[2] due to Petitioner's failure to appear and defend. On March 7, 1980, Petitioner appealed the referee's decision to the Board, alleging that she had received improper notice. On May 16, 1980, Petitioner withdrew her appeal, and in-

---

[1] Section 407 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.S. 736, *as amended,* 77 P.S. §731.

[2] Upon the petition filed by either party, a referee may modify, reinstate, suspend, or terminate a notice of compensation payable. Section 413 of the Act, 77 P.S. §772.

stead filed a petition for reinstatement, raising the same issue of lack of notice. After that petition was amended to include an allegation of a recurrence of the disability, the referee received testimony limited to that issue and dismissed the petition, finding that Petitioner had not met her burden of proof. Petitioner appeals from the Board's decision of July 29, 1982, which affirmed the referee's dismissal.

On appeal Petitioner alleges as a violation of due process her failure to receive proper notice of the original petition for suspension.[3] This due process claim, however, was not properly before the referee on a petition for reinstatement. A petition for reinstatement cannot be used to seek review of a prior decision of a referee. Such review is properly accomplished only by an appeal to the Board, and subsequently to this Court.[4] *Workmen's Compensation Appeal Board v. Booth & Flinn Co.*, 18 Pa. Commonwealth Ct. 369, 336 A.2d 448 (1975); *Banks v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 373, 327 A.2d 404 (1974).

A review of the record in this case reveals that Petitioner did take a direct appeal to the Board from the granting of the petition for suspension, but withdrew that appeal in order to pursue the petition for reinstatement. Although Petitioner then attempted to raise the due process issue at this later forum, the referee correctly informed her that he had no authority to consider the issue, and that such an issue must be raised by an appeal. Petitioner elected to proceed with the petition for reinstatement, and thereafter the proceedings were limited to testimony relating to the

---

[3] Petitioner contends that her failure to appear or defend on the petition for suspension was the result of the notice being mailed to the wrong address.

[4] *See* Sections 423-426 of the Act, 77 P.S. §§853-856, 871.

recurrence of disability, no attempt being made to introduce evidence on the due process issue.

The record is therefore clear that Petitioner, having elected to pursue the petition for reinstatement, waived her right to appeal from the suspension of benefits. The referee was correct in refusing to consider an issue which would have been raised on such prior appeal.

Accordingly, we affirm the order of the Board which affirmed the referee's dismissal of the petition.

ORDER

Now, March 5, 1984, the order of the Workmen's Compensation Appeal Board in the above referenced matter, No. A-81526, dated July 29, 1982, is hereby affirmed.