512 A.2d 110

Schultheis Brothers and Kansas City Fire & Marine, Petitioners *v.* Workmen's Compensation Appeal Board (Melzer), Respondents.

Submitted on briefs March 10, 1986, to President Judge CRUMLISH, JR., and Judges ROGERS and BARRY, sitting as a panel of three.

*David M. McCloskey, Will, Keisling, Ganassi &* *McCloskey,* for petitioners.

*Alexander J. Pentecost,* with him, *Amiel B.* *Caramanna, Jr.,* for respondents.

OPINION BY JUDGE BARRY, July 21, 1986:

Schultheis Brothers and Kansas City Fire & Marine (petitioners) appeal an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision reinstating total disability benefits to David Melzer (claimant).

On June 2, 1975 claimant sustained severe burns when a bucket of hot tar fell on him while he was work-

ing as a roofer for Schultheis Brothers (employer). He received compensation for total disability until he returned to work on September 30, 1975 and the employer filed a termination petition. At that time, the referee suspended all compensation except disfigurement benefits which were continued an additional fifteen weeks. Claimant worked for the employer, doing mostly light work, until he was fired in November of 1976.[1]

On March 2, 1978 claimant filed a review petition seeking reinstatement of benefits on the ground that he was still disabled. The referee found that claimant was totally disabled with respect to his former job as a roofer, but that he was able to do light work which did not require heavy lifting and strenuous use of his upper extremities. Based on the testimony of a vocational expert, the referee concluded that such work was available to claimant and he, therefore, awarded him partial disability benefits. The employer appealed this decision but subsequently withdrew the appeal as the parties entered into a supplemental agreement which provided for partial benefits based on the difference between claimant's weekly wages at the time of the injury and the weekly wages he would have earned doing light work. The resulting compensation was $2.65 per week.

On March 30, 1982 claimant filed the present review petition seeking reinstatement of total benefits on the ground that no work within his physical limitations is available. The referee reinstated compensation benefits for total disability at the rate of $85.50 per week. The Board affirmed the referee's decision. This appeal followed.

---

[1] There is no indication that his termination was due to willful misconduct. The employer testified that claimant was simply laid off due to lack of work. Claimant alleged he was fired because he was physically unable to do the work required of him. The referee's findings simply state that claimant was fired.

Petitioners argue that total benefits may not be reinstated because claimant failed to establish an actual increase in his physical disability. In support of this contention they rely on *Cerny v. Schrader v. Seyfried, Inc.*, 463 Pa. 20, 342 A.2d 384 (1975) and *Klingler v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 335, 413 A.2d 432 (1980). Both of these cases involved modification petitions. This Court has clearly stated that modification and reinstatement are two different concepts entailing different burdens of proof. *Smith v. Workmen's Compensation Appeal Board,* 80 Pa. Commonwealth Ct. 508, 471 A.2d 1304 (1984). "[T]he claimant in a modification proceeding, alleging total disability, initially has the burden of proving an increase in disability and that he is incapable of performing his regular employment." *Cerny,* 463 Pa. at 25, 342 A.2d at 387. However, a claimant who is seeking reinstatement of total disability benefits, must show that he is still unable to perform the time-of-injury job and that he has sustained a total loss of earning power. The second part of this burden of proof is met when the claimant shows that he has been laid off from a modified job provided by the employer as in *Smith;* or he has been laid off from a job he obtained from a subsequent employer as in *Goodyear v. Workmen's Compensation Appeal Board,* 96 Pa. Commonwealth Ct. 647, 508 A.2d 637 (1986); or as in this case, when the claimant establishes that, contrary to the referee's prior conclusion, no work within his physical limitation is actually available. At that point the burden shifts to the employer who must show that work is, in fact, available. The employer in this case presented no new testimony on the issue of job availability.

Based on the testimony presented, the referee found that claimant is still disabled from working as a roofer and that there is no work available within his physical

limitations. The referee's earlier decision awarding him partial disability rather than total disability was based on the referee's conclusion that light work within his physical limitations was available. Consequently, once claimant established that such work was not available, he qualified for reinstatement of total disability benefits. Since there was never a determination that his physical disability had decreased, it would be absurd to now require him to show that it has increased.

Affirmed.

## ORDER

Now, July 21, 1986, the order of the Workmen's Compensation Appeal Board at No. A-86139, dated September 13, 1984, is affirmed.