Brockway Glass Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Esther F. Confort, Respondents.

Argued May 5, 1977, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Scott H. Fergus*, with him *Fergus, Martin & Fergus,* for appellant.

*Janet Moschetta*, with her *Joseph P. Moschetta,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, September 16, 1977:

This appeal has been brought by Brockway Glass Company from an order of the Workmen's Compensation Appeal Board (Board) affirming a decision of the referee in favor of Esther F. Confort (claimant). The referee awarded reinstatement of benefits for total disability in response to a modification petition filed under Section 413 of The Pennsylvania Workmen's Compensation Act[1] (Act). Since we agree with the result reached by the referee and the Board, we will affirm.

The claimant's injury occurred in 1967 in the course of her employment with Brockway when a metal marker fell on her right shoulder. In March of 1968, she returned to work after not working for several months. In April of that year, she entered into a compensation agreement with her employer and its insurance carrier, Pennsylvania Manufacturers' Association Insurance Company, and signed a final receipt.

Since April of 1968, two reinstatement petitions have been filed by the claimant, as well as the modification petition. As a result of the reinstatement petition dated October 1968, she was awarded full benefits for the period from July 1, 1968 to February 14, 1970.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

The second reinstatement petition was filed in February 1972. Dr. Sherman, the claimant's doctor, testified at the hearing that she was totally disabled, capable of working at most four hours a day at light work. The referee awarded her full benefits from February 14, 1970 indefinitely into the future. On appeal, the award was vacated and the case was remanded for additional medical evidence. On April 19, 1974, a hearing was held before the referee. On April 23, 1974, the referee filed his decision awarding full benefits from February 14, 1970 to April 18, 1974 and partial benefits thereafter. This award was based on a finding that, as of April 19, work was available to the claimant which she was capable of performing. This work involved 24 hours a week baking and distributing pizza samples to customers in major food chains. No appeal was taken from this decision.

Between April 19, the date of the hearing, and April 23, the date of the referee's decision, something occurred which is the heart of this litigation. On the afternoon of April 22, 1974, the claimant was hospitalized. For two and a half weeks, she remained in the hospital due to severe neck pain radiating into her right arm and hand.

In June of 1974, the modification petition was filed. At the hearing before the referee, the claimant testified that several times a day after her discharge from the hospital she used a home-traction unit and applied heat to the affected area. She also testified that her condition was becoming worse, as evidenced by her inability to fully dress herself, the necessity of sleeping on her back, which was the least painful for her, and her difficulty in doing common household chores due to her inability to firmly grasp objects.

Depositions of Dr. Sherman and Dr. Foss, Brockway's doctor, were also admitted into evidence at the

hearing on the modification petition. Dr. Sherman again expressed the view that the claimant was totally disabled and testified that her condition was essentially the same as it had been when he examined her in 1972. However, he did state that she was now only capable of working one or two hours a day and specifically stated that this applied to a job such as the one mentioned earlier involving distribution of pizza samples. Dr. Foss opined that the claimant was only partially disabled and could do light work.

The referee's award of reinstatement of compensation for total disability, beginning April 22, 1974, was primarily based on the opinion of Dr. Sherman and the claimant's own testimony. Brockway appealed to this Court when the Board affirmed.

Initially, we must decide whether the claimant's failure to appeal the referee's decision of April 23 precludes her from claiming benefits for total disability under the modification petition. When a claimant who is receiving partial disability benefits files a modification petition alleging a total disability, the burden is on him "to prove that his disability had increased *after the date of the Referee's award for partial disability . . . ." Cerny v. Schrader & Seyfried, Inc.,* 463 Pa. 20, 24, 342 A.2d 384, 386 (1975) (emphasis added). *See also Airco-Speer Electronics v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 539, 333 A.2d 508 (1975). The reasoning behind this rule was spelled out in *Banks v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 373, 377, 327 A.2d 404, 406 (1974):

'[A] modification . . . proceeding cannot be used to relitigate the percentage of disability determined in the original award.' . . . Absent the requirement of showing a change in disability, a disgruntled employer (or claimant)

could repeatedly attack what he considers an erroneous decision of a referee by filing petitions for modification *based on the same evidence* ad infinitum, in the hope that one referee would finally decide in his favor. The proper, and only, method of attacking an erroneous decision of a referee is by an appeal to the Board and subsequently to this Court. (Emphasis added.)

*See also Henderson v. Air Master Corp.,* 2 Pa. Commonwealth Ct. 275, 276 A.2d 581 (1971).

Here, the referee and the Board agreed that the claimant became totally disabled as of April 22, *not after the date of the award,* April 23. Therefore, a literal application of the principle stated in *Cerny* and *Airco-Speer Electronics* would compel us to decide against the claimant. However, where the reasoning behind the rule is no longer applicable, we will not apply the rule so slavishly. This is not a situation where an attempt is being made to substitute a petition for modification for an appeal. The claimant does not contest the referee's finding that she was only partially disabled as of April 19. Her failure to appeal the decision of April 23 bars her from ever raising that issue again. The petition for modification here was based on a change in the claimant's condition between the time of the hearing and the referee's decision, as evidenced by the hospitalization. Her position now is that this change rendered her totally disabled as of the very eve of the referee's award.

Thus, we are faced with the unusual circumstances where (1) a change in the claimant's condition occurred between the date of the hearing and the filing of the referee's decision, and (2) the time span between this change and the referee's decision, one day here, was too brief to have reasonably expected the claimant

to notify compensation authorities.[2] These factors readily distinguish the cases mentioned above. Under these circumstances, we hold that the claimant may properly proceed under a modification petition.

Turning now to the question of whether the claimant met her burden of proof, we note that our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was not supported by substantial evidence. *Airco-Speer Electronics, supra.* Since the Board did not take additional evidence, the referee, as the ultimate fact-finder, must resolve questions of credibility and choose between conflicting medical testimony. *Workmen's Compensation Appeal Board v. Quick,* 25 Pa. Commonwealth Ct. 203, 359 A.2d 852 (1976).

The record here contains substantial evidence that the claimant's disability had increased. She was hospitalized for two and a half weeks in April and May of 1974. Her own testimony graphically illustrates the worsening of her condition from the time she was hospitalized. Brockway has argued that Dr. Sherman's statement that the claimant's condition was essentially the same between October 1972 and September 1974 prevents his testimony from supporting the claimant's burden of proof. This contention overlooks the fact that Dr. Sherman had been of the view at all times during this period that the claimant was totally disabled. That the referee did not find his testimony es-

---

[2] We must emphasize that we are not faced today with a situation where a claimant experiences a change in condition after the hearing which has a possible bearing on the proceedings, has a reasonable amount of time before the referee's decision in which to notify compensation authorities and request a rehearing, and fails to do so. In such circumstances, we would not hesitate to strictly apply the principle articulated in *Cerney, supra,* and *Airco-Speer Electronics, supra.*

pecially credible in light of other evidence at the hearing on April 19, 1974, does not prevent the fact-finder from choosing it over the conflicting medical testimony of Dr. Foss at a later hearing. In any event, Dr. Sherman's testimony at the later hearing indicated an increased disability. He had testified earlier that the claimant could work up to four hours a day, but at the hearing on the modification petition he opined that she could only work one to two hours a day.

We conclude on this record that the claimant has carried her burden in this modification proceeding, and we enter this

### ORDER

AND Now, this 16th day of September, 1977, the order of the Workmen's Compensation Appeal Board, filed June 15, 1976, is affirmed. Accordingly, it is ordered that compensation payable under Compensation Agreement No. 0267916046, approved June 18, 1968, is reinstated. It is further ordered that judgment be entered in favor of Esther F. Confort and against Brockway Glass Company and Pennsylvania Manufacturers' Association Insurance Company in the amount of $52.50 per week for the period April 22, 1974 to June 30, 1975, inclusive, and in the amount of $60 per week, beginning July 1, 1975 and continuing until such time as disability changes in nature or extent or ceases and terminates, together with interest at the rate of 6 percent per annum on deferred payments of compensation from the date due to April 8, 1972 and at the rate of 10 percent per annum on deferred payments of compensation becoming due after April 8, 1972 to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

Brockway Glass Company and Pennsylvania Manufacturers' Association Insurance Company are fur-

ther directed to pay approved attorney's fees of $950 directly to the claimant's counsel, Joseph P. Moschetta, Esquire, from the deferred compensation due Esther F. Confort. All remaining compensation, together with interest, is to be paid directly to Esther F. Confort.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).