Jeannette Foods, Inc. and Westmoreland Casualty Co., Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Stella Stayer, Respondents.

Argued October 30, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*H. Reginald Belden, Jr.,* with him *Stewart, Belden, Sensenich & Herrington,* for petitioners.

*Alexander J. Pentecost,* for respondents.

OPINION BY JUDGE WILKINSON, JR., December 7, 1978:

This appeal comes to us following a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's dismissal of petitioner's termination petition. We affirm.

Claimant in a work-related injury on November 13, 1969, sustained a compound fracture of the third toe on her left foot and a soft tissue injury. Claimant received compensation for total disability from the date of accident until June 25, 1975, at which time the referee granted a supersedeas to determine whether any remaining disability was due, not to the effects of the 1969 fracture, but instead to the effects of a diabetic condition diagnosed in claimant at the time she was treated for the fracture. Claimant and petitioner's doctor testified at the June 25, 1975 hearing, and testimony was elicited from claimant's physician by deposition on February 25, 1976.

After due consideration of the evidence presented the referee denied petitioner's termination, reinstated benefits for total disability, and awarded interest at the rate of 10 percent per annum pursuant to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

Petitioner first contests the propriety of the award bearing interest at the rate of 10 percent per annum. In particular, it is petitioner's position that the accident giving rise to the award here at issue occurred prior to the effective date of Section 406.1 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §717.1, increasing the appropriate interest rate on compensation awards to 10 percent.

This is the first time this specific issue was argued before our Court. We believe petitioner errs when it focuses on the date of the accident. Section 406.1 of the Act provides simply that "[i]nterest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum." Unlike the provision for interest in the predecessor of Section 406.1[1] which applied "[w]henever any *claim* for compensation is *presented* . . ." (emphasis added), the 1972 amendment is applicable to "due and unpaid compensation;" no mention is made of claims presented. We accordingly hold that the 10 percent rate of interest contained in Section 406.1 of the Act applies to all compensation payments which accrue after the effective date of the Section 406.1 of the Act regardless of the date on which the underlying injury occurred. *See Brockway Glass Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 624, 377 A.2d 1029 (1977) wherein

---

[1] Section 410 of the Act, 77 P.S. §751 (as amended by Section 5 of the Act of April 13, 1927, P.L. 186).

we approved a 6 percent rate from the due date until April 8, 1972 and 10 percent thereafter.

Petitioner additionally argues that there was insufficient evidence to support a finding that the claimant's disability arising from a work-related accident had not terminated. Although conflicting evidence was presented on this issue, it is evident from a careful review of the record that competent evidence was presented on which a finding of continuing disability from the work-related accident could be made.

While both physicians admitted the fracture of the toe itself had healed, claimant's doctor testified that injury to the tendons of the left foot and a nervous condition, both in his opinion directly resulting from the original break, left claimant with continuing total disability. The referee specifically found believable the testimony of claimant's physician; being competent medical evidence we may not now disturb appropriate findings of fact and conclusions of law based thereon.

Accordingly, we will enter the following

ORDER

AND Now, December 7, 1978, the order of the Workmen's Compensation Appeal Board at No. A-72847 dated July 19, 1977, affirming the referee's award of compensation to claimant is hereby affirmed and it is ordered that judgment be entered in favor of the claimant, Stella Stayer, and against the petitioners, Jeannette Foods, Inc. and Westmoreland Casualty Co., in the sum of $53.30 per week beginning on June 26, 1975, to continue to the present and into the future with interest on deferred payments of compensation at the rate of 10 percent per annum. Petitioners are to reimburse claimant's attorney, Alexander Pentecost, in the sum of $254.00 for advanced Bill of Costs and

1

claimant is to pay to attorney Alexander Pentecost the sum of $850.00 from the compensation due and owing to claimant, all in accordance with the provisions of the Pennsylvania Workmen's Compensation Act.