John D. BARRINGER, Petitioner

v.

STATE EMPLOYEES' RETIREMENT
BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 10, 2009.
Decided Dec. 8, 2009.

John R. Bielski, Philadelphia, for petitioner.

Salvatore A. Darigo, Jr., Harrisburg, for respondent.

BEFORE: SIMPSON, Judge, and BUTLER, Judge, and QUIGLEY, Senior Judge.

OPINION BY Judge SIMPSON.

We are asked whether the State Employees' Retirement Board (Retirement Board) committed legal error by denying John D. Barringer's (Claimant) request for credit toward age 50 superannuation retirement benefits for the period of September, 2000 through August 4, 2006. During this time, the Pennsylvania Board of Pro-

bation and Parole (Parole Board) employed Claimant as a parole warrant officer; however, during this time the warrant officer position was not included within the parole agent classification series. Pursuant to the State Employees' Retirement Code (Retirement Code),[1] only those positions classified as parole agents were deemed "enforcement officers" for purposes of age 50 superannuation retirement benefits. Upon review, we discern no error in the Retirement Board's order denying Claimant's request.

The Parole Board hired Claimant on June 4, 1990 as a parole agent. Claimant worked in this capacity until September, 2000, when he voluntarily transferred to the position of warrant officer. Between September, 2002 and January, 2006, Claimant was on a military leave of absence. Claimant continued to work as a warrant officer upon his return to work. In August, 2006, the Governor's Executive Board prospectively reclassified the warrant officer position to that of a parole agent 2. Claimant is therefore eligible for credit toward age 50 superannuation retirement benefits for the period of June 4, 1990 to September, 2000 (service as parole agent), and from August 5, 2006 forward (period of reclassification of warrant officer position). The period at issue here extends from September, 2000 to August 4, 2006, before the effective date of the reclassification of the warrant officer position.

In 2001, Claimant requested the State Employees' Retirement System (SERS) to apply his service credits as a warrant officer to his eligibility points for age 50 superannuation retirement benefits. After an unexplained delay, SERS denied Claimant's request in July, 2006. Claimant thereafter sought review by the SERS' Appeals Committee, which denied Claimant's request.

On further administrative appeal, the Retirement Board's hearing examiner recommended denial of Claimant's request on the basis the Retirement Code provides a definition of "enforcement officer," below, for age 50 superannuation purposes. The term "enforcement officer" is dependent on the Executive Board's classification series for parole agents. Since the Executive Board did not classify the warrant officer position within the parole agent series, the hearing examiner concluded SERS could not apply Claimant's service as warrant officer toward age 50 superannuation retirement benefits. The Retirement Board subsequently denied Claimant's exceptions and adopted the hearing examiner's recommendation as modified.[2]

■ In this appeal, Claimant asserts legal error in the Retirement Board's order where the Board: failed to liberally construe the Retirement Code; failed to recognize its previous decision granting age 50 superannuation retirement benefits to parole supervisors; and, failed to recognize that Claimant performed substantially the same duties during his tenure with the Parole Board regardless of his job classification.[3]

---

1. 71 Pa.C.S. §§ 5101–5956.

2. Not at issue here, the Retirement Board modified the hearing examiner's finding broadly identifying the classification of Commonwealth employees entitled to age 50 superannuation retirement benefits to be consistent with the language of the Retirement Code.

3. Our review of a state agency adjudication is limited to determining whether the necessary findings of fact were supported by the record, whether constitutional rights were violated, or whether errors of law were made. *Teti v. State Employees' Ret. Bd.*, 981 A.2d 399 (Pa. Cmwlth.2009). Where errors of law are asserted on appeal, our review is plenary. *Waronsky v. Workers' Comp. Appeal Bd. (Mellon*

■ At the outset, we note that the State Employees' Retirement System is a creature of statute. As such, its members enjoy only those rights created by the Retirement Code and none beyond it. *Burris v. State Employes' Ret. Bd.*, 745 A.2d 704 (Pa.Cmwlth.2000); *Bittenbender v. State Employees' Ret. Bd.*, 154 Pa. Cmwlth. 11, 622 A.2d 403 (1992). The retirement system creates a contract between the Commonwealth and its employees and, contracts should be liberally construed to effectuate the parties' intentions. *Bowers v. State Employees' Ret. Bd.*, 29 Pa.Cmwlth. 561, 371 A.2d 1040 (1977). Liberal construction of the Retirement Code does not, however, permit the Retirement Board to circumvent the express language of the Code. *Marinucci v. State Employees' Ret. Sys.*, 863 A.2d 43 (Pa. Cmwlth.2004). The Retirement Board lacks authority to grant equitable relief in conflict with the statutory mandates of the Retirement Code, and this Court may not revise the Code to achieve equitable results. *Id.*

This appeal involves the proper application of Section 5102 of the Retirement Code, 71 Pa.C.S. § 5102, relating to definitions. Relevantly, Section 5102 provides the following definition of "superannuation age":

> **Superannuation age.** Any age upon accrual of 35 eligibility points or age 60, except for a member of the General Assembly, *an enforcement officer,* a correction officer, a psychiatric security aide, a Delaware River Port Authority policeman or an officer of the Pennsylvania State Police, *age 50* .... (Emphasis added).

In turn, "enforcement officer" is pertinently defined as:

> (3) Parole agents, *classified as such by the Executive Board and employed by the [Parole Board ]*.

*Id.* (Emphasis added).

We first consider Claimant's argument the Retirement Board failed to liberally construe Section 5102's definition of "enforcement officer." The Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1502–1991, provides that the object of interpretation and construction of statutes is to ascertain and effectuate legislative intent. According to Claimant, the proper application of Section 5102 cannot be ascertained because the phrase "classified as such by the Executive Board" lacks statutory explanation. To that end, Claimant contends the Retirement Board imposed a narrow construction on the above phrase in contravention of the basic tenet that all statutes are to be liberally construed to affect their objects and promote justice. 1 Pa. C.S. § 1928(c).

Claimant's attempt to raise an issue of statutory construction fails. Only when the words of a statute are ambiguous should a court seek to ascertain the General Assembly's intent. *Hunt v. Pa. State Police of Commonwealth,* —— Pa. ——, 983 A.2d 627 (2009). Claimant here fails to explain his theory of ambiguity. He does not explain how the emphasized phrase can be read in different ways, including one which would encompass his time classified as a warrant officer. *See Malt Beverages Distribs. Ass'n v. Pa. Liquor Control Bd.*, 601 Pa. 449, 463, 974 A.2d 1144, 1153 (2009) (where parties offered different, plausible interpretations, the statute was ambiguous). In the absence of an ambiguity in the statutory language, we will not embark on a statuto-

(2009).

ry construction exercise; rather, we will apply the plain language of the statute.

The evidence also fails to support Claimant's theory of ambiguity. SERS presented the testimony of the Chief Classification and Pay (Classification Officer) for the Commonwealth's Office of Administration. She explained the manner in which job classifications are created. The Office of Administration works with the various Commonwealth agencies to develop job classifications and ensure they adhere to certain standards. The Office of Administration then submits the proposed classifications to the Governor's Executive Board for approval. Thus, the Commonwealth's job classifications are created and approved by the particular agency, the Office and Administration, and the Governor's Executive Board. SERS plays no part in determining job classifications or job descriptions. Notes of Testimony (N.T.), 12/13/07, at 98.

In light of Classification Officer's undisputed testimony, we fail to see how the phrase "classified as such by the Executive Board" is ambiguous. The Executive Board relies on the recommendation of the Commonwealth agency and Office of Administration. To correct any errors in job classification, the remedy is to pursue reclassification with the Commonwealth agency and the Office of Administration, and ultimately the Executive Board. Relevant here, the Parole Board availed itself of these procedures inasmuch as the former warrant officer position is now classified as a parole agent 2. The Executive Board, however, did not make the reclassification retroactive to include years of prior service as a warrant officer. *Id.* at 65–67; Claimant's Exs. 5, 11. Thus, no error is apparent in the Retirement Board's application of Section 5102's definition of "enforcement officer" to the present matter. *See Burris* (the Retirement Board is entitled to considerable deference in its construction of the Retirement Code).

We further reject Claimant's assertions the Retirement Board failed to give deference to its prior decision retroactively granting parole supervisors age 50 superannuation retirement benefits. Similar to the position of warrant officer, the position of parole supervisor is not included in the definition of enforcement officer. 71 Pa. C.S. § 5102. In early 1997, however, the Retirement Board granted parole supervisors age 50 superannuation retirement benefits. Claimant asserts the only justification for this decision is the fact that parole supervisors perform some of the duties of parole agents. Here, Claimant testified his job duties have remained unchanged throughout his tenure with the Parole Board regardless of his job classification.

■ While administrative agencies are not bound by prior precedent, they must render consistent decisions and should either follow, distinguish, or overrule their own precedent. *Pa. Trout v. Dep't of Envtl. Prot.*, 863 A.2d 93 (Pa.Cmwlth. 2004). The manner in which parole supervisors came to enjoy age 50 superannuation retirement benefits differs significantly from the present proceedings and, therefore, does not compel the same result.

Claimant offered into evidence a December, 1996 letter authored by the then-Deputy Secretary for Employee Relations of the Office of Administration. *See* Original Record (O.R.) at Claimant's Ex. 19. The Deputy Secretary advised SERS that the Office of Administration discussed inclusion of parole supervisors in the parole agent classification with the Parole Board. *Id.* Based on these discussions, the Office of Administration did not oppose including parole supervisors in the category of em-

ployees eligible to receive age 50 retirement benefits. *Id.*

Presently, there is no clear evidence the Parole Board or the Office of Administration considered Claimant's request for age 50 superannuation benefits until August, 2006, when the Executive Board reclassified the position of warrant officer to parole agent 2. *Id.* at Claimant's Ex. 5.

Furthermore, the Retirement Board had sufficient reason to distinguish this case from its prior action. In particular, the Retirement Board relied on the record to find that parole supervisors are in the parole agent job series. Bd. Dec., 2/20/09, at 5. Claimant also testified that parole supervisors have at least three years' experience as a parole agent, or its equivalent. N.T. at 50. Parole supervisors are therefore former parole agents who have been promoted. *Id.* at 106; *see Solomon v. Workers' Comp. Appeal Bd. (City of Phila.)*, 821 A.2d 215 (Pa.Cmwlth.2003) (prevailing party is entitled to all reasonable inference drawn from the evidence). There was no such qualification for the position of warrant officer. *See* O.R., at Claimant's Ex. 8.

Finally, we discern no error in the Retirement Board's dismissal of Claimant's argument the similarity of job duties mandates that his service as a warrant officer apply toward age 50 superannuation retirement benefits. As provided above, the statutory language is clear. The Retirement Code grants age 50 superannuation retirement benefits to those positions the Executive Board classifies as parole agents. For the period at issue, the classification series for parole agents did not include the position of warrant officer, and the Executive Board did not make the change in classification retroactive. No further inquiry was required.

Accordingly, we affirm.

### ORDER

**AND NOW,** this 8th day of December, 2009, the order of the State Employees' Retirement Board is **AFFIRMED.**