James **TOBLER,** Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (VERIZON PENNSYLVANIA, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 22, 2015.

Decided July 9, 2015.

Kenneth M. Kapner, Philadelphia, for petitioner.

John E. Kawczynski, South Amboy, NJ, for respondent.

BEFORE: RENÉE COHN JUBELIRER, Judge, and ROBERT SIMPSON, Judge, and ANNE E. COVEY, Judge.

OPINION BY Judge ROBERT SIMPSON.

James Tobler (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of Workers' Compensation Judge Tina Marie Rago (WCJ Rago) denying Claimant's penalty petition. In so doing, the WCJ determined Verizon Pennsylvania, Inc. (Employer) did not violate the Workers' Compensation Act [1] (Act) by paying simple rather than compound interest on a 2012 award by WCJ David Slom (WCJ Slom) that reinstated Claimant's benefits effective November 2002. Claimant contends interest on his award of past due indemnity benefits should have been calculated on a compound basis, which most accurately reflects his actual loss of use of the unpaid funds over time and serves the humanitarian and remedial purposes of the Act. For the reasons that follow, we affirm.

## I. Background

In October 1998, Employer filed a notice of compensation payable (NCP) acknowledging a work injury to Claimant's left hand in the nature of carpal tunnel syndrome. Claimant's injury occurred as a result of splicing activities. Pursuant to the NCP, Claimant began receiving compensation benefits in the amount of $561.00 based on an average weekly wage of $1,314.18.

In February 2012, following a 2011 remand by this Court, WCJ Slom circulated a decision reinstating Claimant's compensation benefits as of November 21, 2002. In May 2012, Employer issued a payment to Claimant in the amount of $117,278.74, representing the compensation due and owing Claimant pursuant to WCJ's Slom's order.

Thereafter, Claimant filed a penalty petition alleging Employer violated the Act by incorrectly using simple rather than compound interest in calculating the interest due on WCJ Slom's award.[2] The

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

2. "[I]nterest is compounded when it is added to the principal, the result of which is treated as a new principal for calculating the interest due on the next term." *Katzeff v. Fazio,* 427 Pa.Super. 55, 628 A.2d 425, 430 (1993). In other words, the compounding of interest ex-

Workers' Compensation Bureau assigned the penalty petition to WCJ Rago.

WCJ Rago noted the sole issue before her was whether ·simple or compounded interest should have been paid on WCJ Slom's award. At the hearing, the parties agreed Employer paid Claimant $117,278.74, which would be the appropriate amount due and owing based on 10 percent simple interest. The parties also agreed that if Claimant was entitled to 10 percent compound interest, the amount due would be $139,929.39.

Ultimately, WCJ Rago determined Claimant is entitled to simple interest under Section 406.1(a) of the Act,[3] 77 P.S. § 717.1(a). Section 406.1(a) provides in relevant part: "Interest shall accrue on ·all due and unpaid compensation at the rate of ten percentum per annum." *Id.* As support for her decision, WCJ Rago cited several pre-Section 406.1 cases from the Superior Court stating that a workers' compensation claimant was entitled to simple interest at the rate of six percent per annum. *See* WCJ Rago Op., 4/8/13, Finding of Fact No. 10.

Notably, in *Kessler v. North Side Packing Co.*, 186 A. 404, 409 (Pa.Super.1936), the Superior Court reasoned "[t]here is no authority under the statute for 'compounding interest' in a compensation case." In *Kessler*, the Court explained that prior to a 1927 amendment to Section 410 of the Act,[4] 77 P.S. § 751, the Act did not provide for interest on past due compensation.

Citing its decision in *Petrulo v. O'Herron Co.*, 122 Pa.Super. 163, 186 A. 397 (1936), the Superior Court determined that even for work injuries occurring prior to the 1927 amendment to the Act, the Commonwealth's general interest statute applied, which entitled the claimant to simple interest at six percent. Similarly, in *Graham v. Hillman Coal and Coke Co.*, 122 Pa.Super. 579, 186 A. 400 (1936), the Superior Court held the claimant was entitled under the 1927 amendment to six percent simple interest upon each of the installments of compensation. due him from the date that particular installment should have been paid.

Consequently, WCJ Rago denied Claimant's penalty petition. Claimant timely appealed.

In support of his position, Claimant asserted to the Board that interest under the Act is considered additional compensation to the worker, not a penalty against the employer. *B.P. Oil Co v. Workmen's Comp. Appeal Bd. (Patrone); Lastoka v. Workmen's Comp. Appeal Bd. (Wheeling–Pittsburgh Steel Corp.)*, 51 Pa.Cmwlth. 310, 413 A.2d 481 (1980); *Mathies Coal Co. v. Workmen's Comp. Appeal Bd. (Kozlevchar)*, 40 Pa.Cmwlth. 120, 399 A.2d 790 (1979). Claimant also cited the language in Section 406.1(a) of the Act, which requires that interest "shall accrue on all due and unpaid compensation." 77 P.S. § 717.1(a). Thus, Claimant reasoned, in-

---

ists where interest is added to the principal and then interest is charged on the aggregate. *Id.*

3. Added by the Act of February 8, 1972, P.L. 23, *as amended.*

4. Section 5 of the Act of April 23, 1927, P.L. 186, effective immediately, provided: "Whenever any claim for compensation ... is finally adjudicated in favor of the claimant, the amounts of compensation actually due at the

time the first payment is made after such adjudication, shall bear interest at the rate of six percent per annum." *See Morris v. Bulletin Co.*, 110 Pa.Super. 377, 168 A. 777 (1933). Ultimately, the Act of February 8, 1972, P.L. 186, moved the interest provision to Section 406.1(a) of the Act and raised the interest rate to 10 percent per annum. 77 P.S. § 717.1(a). *See Jeannette Foods, Inc. v. Workmen's Comp. Appeal Bd. (Stayer)*, 39 Pa.Cmwlth. 107, 394 A.2d 1309 (1978).

terest gained is unpaid compensation which should therefore accrue interest. Consequently, Claimant argued he should have been awarded compound interest from the date each weekly payment became due.

In rejecting Claimant's "additional compensation" argument, the Board observed that Pennsylvania courts have not indicated that interest is treated the same as compensation benefits for the purpose of calculating interest. Rather, the courts treat entitlement to compensation benefits separately from the entitlement to interest, therefore indicating they are distinct items. *See Fields v. Workers' Comp. Appeal Bd. (City of Phila.)*, 49 A.3d 454 (Pa.Cmwlth.2012) (statutory interest awarded separately from unpaid specific loss benefits); *Lastoka* (statutory interest awarded separately from the installments of compensation due).

The Board agreed that the purpose of an award of 10 percent per annum interest under Section 406.1(a) of the Act on all due and unpaid compensation is not to penalize an employer but to provide additional compensation to a claimant for the delay during which the employer has use of the funds due to the claimant. *Fields.*

However, the Board continued, Section 406.1(a) does not contain any language indicating whether the interest that accrues is "simple" or "compound." Bd. Op., 11/6/14, at 4. To that end, the Board noted, our Supreme Court held that compound interest is not favored in the law and is permitted only where explicitly provided for by statute or in a contract. *Pa. State Educ. Ass'n with Pa. Sch. Serv. Pers. /PSEA v. Appalachia Intermediate Unit 08*, 505 Pa. 1, 476 A.2d 360 (1984). In modifying a labor arbitrator's award of interest from compound to simple, the Supreme Court reasoned:

There remains an issue as to whether interest, if awardable, should be simple or compound. That question is governed by *Powell v. Allegheny County Retirement Board*, [431 Pa. 396, 246 A.2d 110 (1968)]. That case involved a retired county employee who was wrongly denied pension benefits. We held that he was entitled to simple but not compound interest on the withheld benefits. We found that the law does not favor compound interest and will permit it only when it is explicitly provided for by contract or statute. There was no such explicit provision in the instant case. In view of the clear statement as enunciated in *Powell,* we find that the awarding of compound interest is contrary to the existing status of the law. If the award had been made by a jury, it would have resulted in judgment notwithstanding the verdict. It cannot rationally be derived from the collective bargaining agreement.

*Pa. State Educ. Ass'n,* 476 A.2d at 363.

The Board also cited Section 202 of the Act of January 30, 1974, P.L. 13, *as amended* (General Interest Act), which provides:

Reference in any law or document enacted or executed heretofore or hereafter to 'legal rate of interest' and reference in any document to an obligation to pay a sum of money 'with interest' without specification of the applicable rate shall be construed to refer to the rate of interest of six per cent per annum.

41 P.S. § 202. In applying the General Interest Act, Pennsylvania courts interpret the statute to mean six percent *simple* interest. *Carroll v. City of Phila., Bd. of Pensions & Retirement Mun. Pension Fund,* 735 A.2d 141 (Pa.Cmwlth.1999); *Spang & Co. v. USX Corp.,* (Pa.Super.1991).

In light of case law interpreting the interest provisions of the Act and other statutes, the Board specifically rejected Claimant's argument that compound interest is due under Section 406.1 because the courts consider interest paid under that provision as additional compensation. Thus, the Board held WCJ Rago did not err in denying Claimant's penalty petition on the ground that simple rather than compound interest is due on Claimant's unpaid compensation benefits. Claimant petitions for review.[5]

## II. Discussion

### A. Argument

The sole issue Claimant presents for our review is whether, in the context of a workers' compensation award of past due indemnity benefits, the mandatory statutory interest should be awarded on a compound basis. Claimant asserts an award of compound, rather than simple, interest most accurately calculates a worker's actual loss of use of the unpaid funds over time and serves the humanitarian and remedial purposes of the Act.

Therefore, Claimant argues, the WCJ and the Board erred in determining Employer correctly calculated interest owed on Claimant's past due indemnity award. As he did below, Claimant asserts that interest awarded under Section 406.1 of the Act, 77 P.S. § 717.1, is considered additional compensation to the worker, not a penalty against the employer. *B.P. Oil Co.; Lastoka; Mathies.* Claimant also cites the language in Section 406.1(a) of the Act, which requires that interest "shall accrue on all due and unpaid compensation." 77 P.S. § 717.1(a). Thus, Claimant argues, interest gained on unpaid indemni-

ty benefits must be considered unpaid compensation and should therefore accrue interest. *See Cleveland Bros. v. Workers' Comp. Appeal Bd. (Hazlett),* 57 A.3d 199, 203 (Pa.Cmwlth.2012) ("[I]nterest will accumulate, or continue to grow, on all unpaid compensation at a rate of ten percent until such compensation is paid.")

In addition, Claimant cites *Bernotas v. PECO Energy Co.,* (Pa. W.C.A.B., No. A97–2500, filed June 26, 1998), 1998 WL 401650, a Board decision affirming a WCJ's award of compound interest. In *Bernotas,* the Board reasoned (with emphasis by underline added):

> We conclude that the WCJ did not err in granting [the claimant's] Review Petition awarding [the claimant] the additional interest. In reaching this conclusion, we emphasize the method by which interest is calculated is not within the WCJ's discretion. Rather, we hold the Act requires interest to be compounded annually on benefits and accrued interest thereon for the period during which benefits and interest should have been paid by [the employer].

> \*   \*   \*   \*   \*   \*

> At a more basic level, however, we recognize that it would be inequitable to allow an employer to use an injured worker's unpaid benefits (and the interest due thereon) without having to account for interest on accrued interest which the employer may have earned during the period of time the injured worker should have had the same unencumbered use of such funds. We hold, therefore, that interest should be paid on the interest which accrued on the total amount owed [the claimant] (bene-

---

5. Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger),* 38 A.3d 1037 (Pa.Cmwlth.2011).

fits and compounded interest) during the period of [the employer's] delinquency in making payment. This result is consistent with the Court's prior reasoning that the interest provisions of Section 406.1 are designed to put the parties in the positions they would have occupied had benefits been paid when they were due. See [B.P Oil]; [Lastoka].... We also feel our holding today is consistent with the well settled principle that the Act is remedial in nature and is to be liberally construed in favor of the injured employee. [Gen. Refractories Co. v. Workmen's Comp. Appeal Bd. (Wright), 535 Pa. 306, 635 A.2d 120 (1993) ].

1998 WL 401650 at *4 (footnote and citations omitted).

Claimant's argument here reiterates the Board's rationale in Bernotas for awarding compound interest. Claimant asserts he is essentially an involuntary creditor. Thus, because nearly all transactions in the modern financial world involve compounding interest, the courts should likewise move away from 1930s depression-era cases like Kessler and Petrulo, which followed the outdated American rule and awarded simple interest. See Price v. Stevedoring Servs. of Am., Inc. 697 F.3d 820, 842 (9th Cir.2012) (many courts have begun to move away from the "general American rule" of awarding simple rather than compound interest).

Further, Claimant relies on the rationale in Price, a case involving an interest award under the federal Longshore and Harbor Workers' Compensation Act (Longshore Act), 33 U.S.C. §§ 901–950. "A 'central' purpose of the Longshore Act is to ensure 'certain, prompt recovery for employees.' " Price, 697 F.3d at 839 (citation omitted). In Price, the Ninth Circuit, sitting en banc, noted the growing recognition that compound interest may be necessary to fully compensate plaintiffs if justified by the economic realities. Claimant asserts such is also the case here.

Finally, Claimant notes the Act is remedial in nature and intended to benefit the injured worker. Hannaberry HVAC v. Workers' Comp. Appeal Bd. (Snyder, Jr.), 575 Pa. 66, 834 A.2d 524 (2003). Therefore, the Act must be liberally construed to effectuate its humanitarian objectives. Id. Here, those objectives are only served if the claimant is awarded compound interest on all past due compensation.

## B. Analysis

Claimant contends interest on past due indemnity benefits under Section 406.1 of the Act should be awarded on a compound rather than simple basis. As Claimant acknowledges, the legislature enacted the interest provision of Section 406.1 to compensate the claimant for the delay in which the employer had the use of the funds owed the claimant. Cleveland Bros.; Fields; B.P. Oil. Therefore, interest payments are designed to put a claimant in the same position as if the employer did not contest his claim. Lastoka; Mathies.

As discussed above, in Kessler, a 1936 case, the Superior Court found no statutory authority for awarding compound interest in a workers' compensation case. Citing Petrulo, a companion case that awarded a claimant simple interest at six percent per annum, the Kessler Court modified the trial court's award from compound interest at six percent to simple interest at six percent. See also Graham (Superior Court determined the claimant was entitled to simple interest under the 1927 amendment to the Act which provided for six percent per annum interest on past due compensation).

In February 1972, the addition of Section 406.1 of the Act increased the interest rate on past due compensation to 10 per-

454

cent. *See Jeannette Foods, Inc. v. Work-men's Comp. Appeal Bd. (Stayer)*, 39 Pa. Cmwlth. 107, 394 A.2d 1309 (1978). This new rate applied regardless of the date the injury occurred. *Id.*

Significantly, Section 406.1(a) only provides: "Interest shall accrue on all due and unpaid compensation at the rate of ten percentum per annum." 77 P.S. § 717.1(a). The statute does not specify whether the interest is simple or compound. In *Powell*, a 1968 case involving past due retirement benefits owed a county employee, our Supreme Court observed that the Commonwealth frowns on the use of compound interest. To that end, the *Powell* Court determined the use of compound interest is permitted only where the parties provide for it by agreement or a statute expressly authorizes it. Therefore, the Court directed that on remand the trial court use simple rather than compound interest in calculating the amount of the award.

Thereafter, in *Pennsylvania State Education Association*, a 1984 case, the Supreme Court applied *Powell* in a labor arbitration case and determined the arbitrator lacked the authority to award compound interest where there was no contractual or statutory authority for it. *See also Ralph Myers Contracting Corp. v. Dep't of Transp.*, 496 Pa. 197, 436 A.2d 612 (1981) (absent any contractual or statutory authority providing for compound interest, contractor was entitled to receive simple legal interest on the unpaid balance of the award).

Similarly, this Court noted, "[t]he legal rate of interest is simple and may not be compounded." *Carroll*, 735 A.2d at 146–47. Also, in *Moyer v. Berks County Board of Assessment Appeals*, 803 A.2d 833, 843 (Pa.Cmwlth.2002), we observed, "courts

that have interpreted the 'legal rate of interest' have come down soundly in favor of simple interest over compound interest." *See also Spang & Co. v. USX Corp.*, 410 Pa.Super. 254, 599 A.2d 978 (1991) (the method of calculation of pre-judgment interest is generally simple interest, as opposed to compound interest).

Most recently, this Court addressed the issue of whether compound or simple interest was contemplated in certain calculations under the State Employees' Retirement Code (Retirement Code).[6] *Heilbrunn v. State Employees' Retirement Bd.*, 108 A.3d 973 (Pa.Cmwlth.2015). Quoting the Supreme Court's decision in *Powell*, we reiterated the general rule that the law in this Commonwealth frowns upon compound interest and as such will only permit compound interest on a debt when the parties have provided for it by agreement or a statute expressly authorizes it. Nevertheless, we concluded that the relevant provisions of the Retirement Code *expressly authorized* the use of compound interest.

Notwithstanding the history of Pennsylvania case law limiting awards of interest on past due compensation to simple rather than compound interest, unless expressly authorized, Claimant argues that today's financial realities require that interest on past due compensation be compounded. However, Claimant cites no persuasive authority in support of his position.

To begin, Claimant's reliance on the Board's 1998 decision in *Bernotas* is misplaced for several reasons. First, the decisions of the Board, an administrative agency, are not binding on this Court. *Liberty Mut. Ins. Co. v. Bureau of Workers' Comp.*, 37 A.3d 1264 (Pa.Cmwlth.2012) (citing *Barringer v. State Employees' Retirement Bd.*, 987 A.2d 163 (Pa.Cmwlth.2009)).

6. 71 Pa.C.S. §§ 5101–5957.

Moreover, administrative agencies themselves are not bound by their previous decisions. *Id.* In the present case, the Board, citing *Barringer,* chose to follow its earlier decision in *Braden v. Pa. State Police,* (Pa. W.C.A.B., No. A90–2500, filed June 26, 1991), 1991 WL 158377, where it rejected an appeal seeking an award of compound rather than simple interest under Section 406.1(a) of the Act. *See* Bd. Op., 11/6/14, at 7 n. 8. In *Braden,* the Board reasoned (with emphasis added):

> The Act states that interest is due on compensation, not past due interest. *The concept of compounding interest is generally regarded with judicial disfavor and we would not impose such a calculation without specific and express statutory and judicial authority. We do not read Section 406.1 as providing that authority.* To the contrary, that Section speaks of interest due on compensation not interest due on interest.

1991 WL 158377 at *1.

In short, we find the Board's decision in the present case, not *Bernotas,* consistent with applicable appellate court case law. Our Supreme Court's decisions in *Powell* and *Pennsylvania State Education Association,* hold that compound interest and will be awarded only where it is explicitly provided for by contract or by statute. Clearly, Section 406.1 of the Act does not expressly provide for compound interest. Thus as the Supreme Court observed, "the awarding of compound interest is contrary to the existing status of the law." *Pennsylvania State Education Association,* 476 A.2d at 360.

Further, as the Board noted, we continue to treat statutory interest under Section 406.1 of the Act separately from past due compensation. *See, e.g., Fields* (statutory interest treated separately from unpaid specific loss benefits). Claimant cites no Pennsylvania appellate court case law to the contrary.

Consequently, in light of the longstanding judicial policy disfavoring the awarding of compound interest absent explicit statutory language providing for it, we must conclude there is no proper authority for an award of compound interest under Section 406.1 of the Act. *Pa. State Educ. Ass'n; Powell; Heilbrunn.*

As a final matter, Claimant's citations to the Longshore Act and the Ninth Circuit's decision in *Price* do not compel a different result. In *Price,* the Ninth Circuit reasoned, given the prevailing low market rates, simple interest on past due compensation under the federal general interest statute, 28 U.S.C. § 1961, would be insufficient to effectuate the Longshore Act's goals of a prompt and certain financial recovery for the injured workers. To that end, the Court observed, 28 U.S.C. § 1961(a) provides for post-judgment interest at the low interest rate for Treasury bonds. However, 28 U.S.C. § 1961(b) provides for compound interest. Noting the two subsections of 28 U.S.C. § 1961 work together, the *Price* Court, citing the prevailing economic realities, determined it would be unreasonable to apply the low 28 U.S.C. § 1961(a) interest rate to pre-judgment compensation without awarding compound interest. *See Price,* 697 F.3d at 840.

Here, Section 406.1(a) of the Act provides for 10 percent interest on all past due compensation, regardless of whether the employee filed a claim. *Jeannette Foods.* Thus, unlike Longshore Act cases, interest under Section 406.1 of the Act is not based on the low Treasury bond rate or otherwise tied to rising and falling market rates. Also, unlike 28 U.S.C. § 1961(b), Section 406.1(a) of the Act does not provide for compound interest on past due compensation in any situation. As

such, given the different statutory interest provisions, we cannot equate the nature of interest awards in federal Longshore Act cases with those under our state Workers' Compensation Act. Therefore, we do not find the rationale in Price for awarding compound interest applicable in the instant case.

### III. Conclusion

For the above reasons, we discern no error in the Board's decision upholding WCJ Rago's determination that Claimant is entitled to an award of 10 percent simple interest on all past due compensation. Accordingly, we affirm.

### ORDER

**AND NOW,** this 9th day of July, 2015, for the reasons stated in the foregoing opinion, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**