# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John C. Gondek,                           :
                  Petitioner    :
                                    :
           v.                  : No. 1594 C.D. 2016
                                    : Submitted: January 27, 2017
Pennsylvania Municipal                    :
Retirement Board,                         :
                                    :
                 Respondent   :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                               **FILED:  March 30, 2017**

        John C. Gondek (Petitioner) petitions, *pro se*, for review of an order of the Pennsylvania Municipal Retirement Board (Board) that held that he was not entitled to retirement benefits because he did not satisfy the vesting requirement of his municipal employer's Pennsylvania Municipal Retirement System (PMRS) pension plan.  We affirm.

        The following facts on which the Board's decision was based are undisputed.  Petitioner was hired by Antrim Township (Township) as the Township Manager on December 3, 1985. (Record Item (R. Item) 9, Board Opinion and Order Finding of Fact (F.F.) ¶7; R. Item 7, PMRS Motion for Summary Judgment Undisputed Fact ¶1 & Petitioner's Application for PMRS

Membership.)[1]  In January 1989, the Township entered into a Municipal Employees Pension Plan Agreement with the Board (PMRS Agreement) under Article IV of the Pennsylvania Municipal Retirement Law (PMRL)[2] and enacted an ordinance joining PMRS effective January 1, 1989. (R. Item 9, Board Opinion and Order F.F. ¶¶1-2; R. Item 7, PMRS Motion for Summary Judgment Undisputed Fact ¶¶2, 4, Ordinance 186 & PMRS Agreement.)  The Township ordinance made membership in PMRS mandatory for all permanent Township employees and terminated the Township's existing pension program as of the effective date of PMRS membership. (R. Item 7, Ordinance 186 §§ II, VI.)  The Township ordinance provided that "[c]redit for prior service" for existing Township employees "is granted for each year or partial year thereof that the member was employed by the Township from original date of hire." (*Id.* § III.) The PMRS Agreement required that Township employees have five years of "credited service" to vest their rights to annuity benefits and provided that "credited service" was calculated from the date that the employee was hired by the Township. (R. Item 7, PMRS Agreement ¶¶1, 10.)

Petitioner participated in the Township's pension program before his January 1, 1989 enrollment in PMRS. (R. Item 9, Board Opinion and Order F.F. ¶10; R. Item 8, Petitioner's Response to PMRS Motion for Summary Judgment.) On May 22, 1990, 4 years and 171 days after he was originally hired by the Township, Petitioner terminated his employment with the Township. (R. Item 9, Board Opinion and Order F.F. ¶11; R. Item 7, PMRS Motion for Summary

---

[1] Petitioner did not deny any of the facts set forth by PMRS in its motion for summary judgment. (R. Item 8, Petitioner's Response to PMRS Motion for Summary Judgment.)

[2] Act of February 1, 1974, P.L. 34, *as amended*, 53 P.S. §§ 881.101–881.501.

Judgment Undisputed Fact ¶9.) Petitioner filed an Application for Retirement Benefits with PMRS in 2014, after he reached the age of 65, with respect to his employment with the Township. (R. Item 9, Board Opinion and Order F.F. ¶13; R. Item 7, Application for Retirement Benefits.) PMRS denied Petitioner's application on the ground that he had less than five years of credited service. (R. Item 9, Board Opinion and Order F.F. ¶¶14, 16; R. Item 7, 5/14/14, 7/14/14 PMRS Denial Letters.)

Petitioner appealed this determination to the Board, asserting that he was entitled to a whole year of credited service for each of the six years in which he worked for the Township, the years 1985 through 1990, and that he therefore satisfied the five-year minimum for vesting. PMRS moved for summary judgment on the grounds that the facts concerning the Township's ordinance, the PMRS Agreement, and Petitioner's employment with the Township were undisputed, and that under the PMRS Agreement and the PMRL, Petitioner was entitled to only credit for the portion of years 1985 and 1990 that he worked for the Township. Petitioner in response stated that he was "in agreement with" the facts on which PMRS's motion was based, but contended that the Township had given him credit for 1985 under its pre-1989 annuity plan and that he was led to believe that he would retain all credit from that plan when he enrolled in PMRS. (R. Item 8, Petitioner's Response to PMRS Motion for Summary Judgment.) The Board granted PMRS's motion for summary judgment and held that Petitioner was entitled to service credit only for the parts of years 1985 and 1990 that he worked for the Township and had only 4.575342 years of credited service, below the five

3

years of credited service required for vesting under the PMRS Agreement. This appeal followed.[3]

The Board correctly held that Petitioner had less than five years of credited service and did not satisfy the vesting requirement for PMRS retirement benefits. The Township enrolled in PMRS under Article IV of PMRL. (R. Item 7, Ordinance 186 § I & PMRS Agreement at 1.) Article IV of PMRL provides that the contract between the municipality and PMRS shall set forth and determine the requirements for benefits, including the prior service credit that employees receive for their work for the municipality before it joined PMRS and the period of municipal employment required to vest the right to benefits. Sections 402, 403, and 410(a) of PMRL, 53 P.S. §§ 881.402, 881.403, 881.410(a). The PMRS Agreement provides that "[a]fter five (5) years of credited service, a member may vest." (R. Item 7, PMRS Agreement ¶10.) The PMRS Agreement provides:

> <u>Credited service shall accrue from the member's date of hire</u> so long as there is continuous, uninterrupted employment to the municipality. Credited service time earned prior to the enrollment of the Township into the System shall be known as prior service.
>
> <u>No credited service shall be granted for time employed in a status other than an active employee of the municipality</u> excluding credit for purchased military service, reinstatement of previous service or service earned and credited under the portability section of this agreement (Section 11 [governing credit for employment with other municipalities that have joined PMRS]).

---

[3] This Court's review of the Board's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. *Paupst v. Pennsylvania Municipal Retirement Board*, 788 A.2d 1067 n.1 (Pa. Cmwlth. 2001).

(*Id.* ¶1) (emphasis added). In addition, the Township ordinance states that the credit that existing Township employees receive for their pre-PMRS service is the number of years and partial years that they were "employed by the Township from original date of hire." (R. Item 7, Ordinance 186 § III.) Petitioner's credited service for 1985 is therefore limited to the 28 days after his December 3, 1985 date of hire, his credited service for 1990 is limited to the 143 days that he worked for the Township before he left its employ, and he is not entitled to a full year credit for either year. *See Hoerner v. Public School Employees' Retirement Board*, 684 A.2d 112, 118 (Pa. 1996) (credited service is limited to "the time period where the employee actually engaged in work for" the employer).

Petitioner does not dispute that the Board correctly concluded that he did not work for the Township for five full years. Rather, he argues that he is entitled to a full year of credit for 1985 on equitable grounds because he was placed in the Township's 1985 annuity program and was allegedly led to believe that he would get credit for that year along with years 1986 through 1988 when he was enrolled as a member of PMRS. This argument fails for two reasons. First, neither PMRS nor the Board has the power to alter an employee's PMRS benefit rights on equitable grounds. *Orlandi v. Pennsylvania Municipal Retirement Board*, (Pa. Cmwlth., No. 2355 C.D. 2011, filed Oct. 11, 2012), slip op. at 7-8, 2012 WL 8704640 at *3;[4] *see also Barringer v. State Employees' Retirement Board*, 987 A.2d 163, 165 (Pa. Cmwlth. 2009); *Martorano v. Philadelphia Board of Pensions and Retirement*, 940 A.2d 598, 601 (Pa. Cmwlth. 2008); *Finnegan v. Public School*

_____

[4] Because it is an unreported decision, this opinion is not binding precedent, but is considered by the Court for its persuasive value. 210 Pa. Code § 69.414(a).

5

*Employes' Retirement Board*, 560 A.2d 848, 850-51 (Pa. Cmwlth. 1989), *aff'd without op.*, 591 A.2d 1053 (Pa. 1991).

Second, Petitioner did not introduce any evidence before the Board that showed that inaccurate representations were made to him or that he had any reasonable basis to believe that he would receive a full year of credited service for 1985 from PMRS. The only representations that Petitioner claims were made were that employees would retain the pension credit that they had under the Township's pre-PMRS pension plan. Petitioner, however, did not introduce any documents in the record showing the rights that he had under that pension plan or that he was granted a full year of credit under that pension plan. There was therefore no evidence that he was denied the pension credit that he alleges that he was promised. Moreover, the language of the PMRS Agreement was clear that credited service was limited to the time that employees worked for the Township and Petitioner knew that he worked only 28 days in 1985. Reliance on any representation that Petitioner would receive PMRS credited service for a full year for 1985 would thus be unreasonable and could not support equitable relief. *See Hughes v. Public School Employes' Retirement Board*, 662 A.2d 701, 706 (Pa. Cmwlth. 1995) (retiree could not prove elements of estoppel because he knew how long he worked for government employer and therefore could not reasonably rely on misstatement of his service credit).

For the foregoing reasons, we affirm.

_____
**JAMES GARDNER COLINS, Senior Judge**

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John C. Gondek,               :
           Petitioner       :
                             :
             v.              : No. 1594 C.D. 2016
                             :
Pennsylvania Municipal       :
Retirement Board,             :
                             :
           Respondent     :

## **O R D E R**

AND NOW, this 30th day of March, 2017, the order of the Pennsylvania Municipal Retirement Board is AFFIRMED.

 

 

_____
**JAMES GARDNER COLINS, Senior Judge**